## 28023. JOHNSON *et al.* v. FULFORD.

BROYLES, C. J. 1. "The right to rescind for fraud in a horse swap exists only when *actual* fraud has been committed. Rescission, where a right to rescind is not expressly reserved, can not be had for *constructive* fraud or merely on account of warranty, express or implied." (Italics ours.) *Barnett* v. *Speir,* 93 *Ga.* 762 (21 S. E. 168); *Battle* v. *Livingston,* 21 *Ga. App.* 809 (95 S. E. 314). "Neither actual nor legal

fraud which would void a sale can be predicated upon a bare naked warranty, not coupled with any representations as to the existence of certain facts." *Newman* v. *Claflin Co.*, 107 *Ga.* 89; 93 (32 S. E. 943).

2. To constitute actual fraud there must be an *intentional* deception. *Salter* v. *Salter*, 80 *Ga.* 178 (4 S. E. 391, 12 Am. St. R. 249) ; 12 R. C. L. 230-231; *Reese* v. *Wyman*, 9 *Ga.* 430 (6).

3. The instant case was a suit on a note given as the purchase-price of a mule. It was recited in the note that the seller warranted only the title to the property, and not its life, health, or soundness. The defendants filed a plea in which they admitted the execution of the note and a prima facie case for the plaintiff, but alleged that when they bought the mule the plaintiff orally guaranteed the good health and soundness of the mule; that said statement was false and fraudulent, because the mule at that time had cancer of the throat, which caused its death several months later; and they asked for a rescission of the contract. There was no evidence that authorized a finding that the plaintiff knew that his statement as to the good health and soundness of the animal was false. On the contrary, one of the defendants testified as follows: "I will not swear that Mr. Fulford [the plaintiff] knew that the mule had the cancerous sore in her throat at the time we bought her, as I do not think that he knew it; but I relied on his guarantee that the mule was as sound as a dollar in every way, and a good work mule. On these statements from Mr. Fulford I signed the note for the purchase of the mule. The defect in the mule could not be seen from the outside. Her throat was not swollen any." Under the foregoing facts and the authorities cited, a verdict for the plaintiff was demanded, and the court did not err in so directing.

*Judgment affirmed.* *MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 1, 1940.

*Claxton & Claxton, E. L. Rowland, H. T. Hicks,* for plaintiff in error.

*Francis F. Shurling, W. M. Shurling,* contra.