32744. MILAM *v.* GRAY.

DECIDED NOVEMBER 4, 1949.

A. B. Taylor, Willis Smith, for plaintiff in error.

Emmett Smith, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ In ground two of the amended motion for a new trial it is contended by the defendant that the court erred in charging the jury that "the plaintiff sets up in his petition" certain facts which appeared from the evidence of the case rather than in the body of the pleadings, and that he included in his recital the following: "that it subsequently developed that there was a mortgage on the car of the defendant, the mortgage on the car was foreclosed and the car seized." This charge is objected to on the ground that the recital of the transaction does not appear in the pleadings, as stated by the trial judge, and, further, that there is no evidence that the car surrendered by the plaintiff was surrendered under a legal mortgage foreclosure.

While in the present case the error of the trial court in stating that certain allegations were set up in the pleadings when in fact they were not so set up might not have been harmful to the defendant, since the jury had the pleadings with them, and since they consisted of three very short paragraphs which obviously did not enumerate the transaction between the parties, the second objection on the ground that the evidence concerning the mortgage was not as described by the court is highly material to a decision of this case. Whether the plaintiff can maintain trover to recover property exchanged for other property received

by him, the sale being executed, depends upon whether there is before the jury sufficient evidence to authorize a finding that a valid rescission of the contract had thereafter taken place. Code § 20-907 states: "In some cases a party may rescind without the consent of the opposite party, for nonperformance by him of his covenants; but this can be done only when both parties can be restored to the condition in which they were before the contract was made." This Code section must be construed in connection with Code § 96-306 to the effect that a breach of warranty, express or implied, shall not annul the sale if executed, but shall give the purchaser a right to damages.

It has been held that mere constructive fraud which has its basis only in a warranty is not such fraud as will authorize a rescission on the part of the injured party. See *Barnett* v. *Speir*, 93 *Ga.* 762 (21 S. E. 168) ; *Dunn* v. *Beasley*, 143 *Ga.* 376 (85 S. E. 100) ; *Fudge* v. *Kelly*, 4 *Ga. App.* 630 (62 S. E. 96).

The latter case states in part as follows: "Mere breach of warranty will not authorize the rescission of a horseswap; fraud usually will. Material false representations as to existing conditions are usually fraudulent, as contradistinguished from guarantees for the future, which are merely warranties. . . The plaintiff in this case claimed that in swapping horses with the defendant, the latter represented to him, in substance, that his animal was free from incumbrance. It appears from the record that the horse so received by the plaintiff in exchange for his own was, soon after the swap, seized by a constable, under some sort of process, and the plaintiff thereupon sued the defendant for the horse the latter had received in the trade. . . Upon a closer examination of the brief of evidence, we find that it does not affirmatively appear that the lien or process by which the constable seized the horse was an incumbrance upon it at the date of the trade. The showing of this fact was a prerequisite to a recovery by the plaintiff; the verdict in his favor was therefore contrary to the evidence."

Similarly, the record in the instant case fails to disclose any material facts concerning the alleged mortgage under which the automobile was seized, or the date of the mortgage and that it was an incumbrance upon the property at the time of the trade. Unless such was the case, the jury would not be authorized to

find the defendant guilty of that fraud which would be a prerequisite to a rescission of the contract and a subsequent trover action successfully maintained. See also *Johnson* v. *Fulford,* 61 *Ga. App.* 805 (7 S. E. 2d, 574) to the effect that the right to rescind a trade of personalty exists only where *actual* fraud has been committed.

The charge to the jury here complained of might have induced the jurors to believe that the mere seizure of the car, without more, was sufficient to support a rescission of the contract, and it was therefore error so harmful to the defendant as to demand a reversal.

■ Ground one of the amended motion for a new trial complains of the exclusion from evidence, on objection, of a bill of sale of the automobile from one Harley E. Lee to one Douglas Head. It is contended that Lee was the holder of the mortgage under which the car was foreclosed and that, having given a bill of sale, he was estopped from giving a mortgage, and any foreclosure thereunder would have been illegal. Whether or not this contention would have had any merit if the mortgage had also been introduced in evidence and the issues relative to the foreclosure of the property tried out in a proper proceeding, this court cannot determine from the record before it. Assuming, however, but not deciding, that there was such a mortgage, and that it was made out in favor of the same person, and that the bill of sale might have affected its validity, it nevertheless remains that the car was seized and removed from the possession of the plaintiff. The issues, therefore, concern the right to rescind this contract, rather than the right to foreclose that mortgage. The bill of sale was not material to any issue in the trover suit, and was properly excluded from evidence.

■ Ground three of the amended motion for a new trial complains of the court's charge to the effect that the party offering to rescind must return the consideration received by him as consideration of the contract. This is a correct principle of law and applicable to the facts of this case. See Code (Ann.), § 20-907, catchword, "Restoration" and many cases there cited. It was, further, a charge favorable to the defendant, and he will not be heard to complain thereof. *Daughtry* v. *Ga. Power Co.,* 61 *Ga. App.* 505 (2), (6 S. E. 2d, 454).

■ As this case is reversed upon a special ground, the general grounds of the amended motion for a new trial are not now passed upon.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*