## 59309. BOBO v. GEBHARDT et al.

BIRDSONG, Judge.

Suit on contract. The appellant, Mrs. Bobo, contracted with a partnership-builder Gebhardt and Bovart d/b/a Gibbo Contractors (appellees) to perform certain improvements on her rental house. This involved pouring a cement drive and slab, constructing a carport and attaching the carport to the existing roof line, as well as adding gutters and interior dress work. After completion of the concrete work, Mrs. Bobo paid Gibbo $1,500 pursuant to the

contractual agreement. However, upon completion of the remainder of the work, Mrs. Bobo had numerous complaints pertaining to the quality of the workmanship. Gibbo made extra efforts to satisfy Mrs. Bobo's complaints but was unable to satisfy her completely. Gibbo brought suit against Mrs. Bobo for the balance of the contractual obligation amounting to $2,200, with interest and reasonable attorney fees. Following a trial without a jury, the trial court concluded that Gibbo substantially had performed all obligations under the contract excepting certain corrective work which had to be performed by Mrs. Bobo and for which a setoff was granted. Consequently, the trial court found for Gibbo in the amount for which prayer was made ($2,200) less expenditures made by Mrs. Bobo ($120) or in the amount of $2,080, but awarded no attorney fees. The court specifically found that there were additional corrections to be made but that Mrs. Bobo had offered no proof as to the cost of those corrections, thus there was no evidence upon which the court could base additional damages as a set off against Gibbo. Mrs. Bobo made a motion for new trial upon the general grounds and asserts as error in this appeal the denial of her motion for new trial. *Held:*

1. The question of damages cannot be left to speculation, conjecture and guesswork. *Development Corp. of Ga. v. Berndt,* 131 Ga. App. 277, 278 (205 SE2d 868). Mrs. Bobo had the burden of proof of showing the amount of her loss in a manner in which the trial judge could calculate the amount of loss with a reasonable degree of certainty. *Studebaker Corp. v. Nail,* 82 Ga. App. 779, 785 (62 SE2d 198). In the absence of such proof, the trial court did not err in failing to reduce further the amount due Gibbo. *Hayes v. Flaum,* 138 Ga. App. 787 (227 SE2d 512); *Taylor v. Roberson,* 127 Ga. App. 24 (192 SE2d 384).

2. Mrs. Bobo's appeal on the general grounds presents this court with a question of the sufficiency of the evidence. Though she argues that as a matter of law there was no performance of the contract, the trial court considered that argument and the facts at trial and concluded that Gibbo had substantially complied with the contract. With reference to actions tried upon the facts without a jury, it has been held consistently that even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet, where the facts found by the trial court were authorized by the evidence such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378); *Brook Forest Enter. v. Paulding County,* 231 Ga. 695 (203 SE2d 860). We find such to be true in this case. Thus, we are bound by the rule that in the absence of legal error, an appellate court will not interfere

with a verdict supported by some evidence even where the verdict may be against the preponderance of the evidence. *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). The enumeration based upon the general grounds is without merit.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

Submitted January 14, 1980 — Decided April 8, 1980.

*Thomas S. Sunderland,* for appellant.
*Gerald Davidson, Jr.,* for appellees.