39019. WEBSTER v. WEBSTER.

GREGORY, Justice.

The parties were divorced in June, 1980 with the issues of alimony, property division, attorney fees and other expenses of

litigation expressly reserved. Paragraph five of the Final Judgment and Decree entered April 30, 1982 states: "The Court is without discretion to grant the [appellant's] request for attorney fees because of the failure of [appellant] to introduce independent testimony of a disinterested attorney as to the reasonable value of services rendered by [appellant's] attorney, based upon a review of the file, the amount of time and effort of the attorney, and the prevailing fees charged by other attorneys in the area."

We granted appellant's application to appeal under Code Ann. § 6-701.1 to address the question of whether the trial court must receive expert testimony before making an award of attorney fees in a divorce action.

Code Ann. § 30-202.1 (a)(1) provides: "The grant of attorney's fees . . . shall be . . . within the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as a part of its determination of the amount of attorney's fees, if any, to be allowed against either party."

In making its determination the trial court may also consider the particular legal services and number of attorneys required to enable a party to effectively contest all issues raised. *Rogers v. Rogers,* 103 Ga. 763 (30 SE 659) (1898); McConaughey, *Georgia Divorce, Alimony and Child Custody* (2d Ed.), § 8-6. The sums allowed are dependent on the circumstances underlying each case. See, e.g., *Sweat v. Sweat,* 123 Ga. 801 (51 SE 716) (1905); *Hilsman v. Hilsman,* 245 Ga. 555 (266 SE2d 173) (1980); Code Ann. § 30-202. However, direct testimony as to the value of legal services is not required in determining attorney fees in those cases involving alimony. *Hilsman,* supra; *Proctor v. Proctor,* 224 Ga. 450 (162 SE2d 398) (1968). While the trial court may properly hear the opinions of an expert on the value of his colleague's legal services, the court is not bound by such evidence and may, in its discretion, award an amount less than the expert recommends. *Sweat,* supra, at 802; *Dicken v. Dicken,* 38 Ga. 663, 670 (1869). Further, as experienced and able lawyers, trial judges are quite capable of placing a value on the legal services rendered by an attorney in a divorce action. *Sweat,* supra; *Bradley v. Bradley,* 233 Ga. 83 (210 SE2d 1) (1974).

We conclude, therefore, that the trial court erred in determining it was not authorized to award attorney fees absent independent expert testimony as to the reasonable value of the legal services rendered. While the trial court is vested with a sound discretion to award or refuse to award attorney fees based on the financial condition of the parties and other circumstances of the case, Code Ann. § 30-202.1 (a)(1), it may not decline to grant attorney fees solely because no expert evidence as to their value is presented.

*Judgment reversed. All the Justices concur.*

Decided October 19, 1982.

*W. Douglas Adams,* for appellant.
*Ivan H. Nathan,* for appellee.