## 68016. FIRST NATIONAL BANK OF DALTON v. DAMIL, INC.
## 68017. FIRST NATIONAL BANK OF DALTON v. CHESTER
## et al.

DEEN, Presiding Judge.

In February of 1978 appellees Chester, Lucas, and Thacker executed a promissory note and security agreement as officers of Damil, Inc., a corporation organized for the purpose of operating a steak house franchise in Dalton, Georgia. Under the terms of the note, which reflected a loan to Damil by appellant First National Bank of Dalton (the bank), Damil was to pay each month the sum of $7,862.50 representing principal and interest at 10%, beginning in August 1978. The three individual appellees simultaneously executed a joint and several guaranty of payment of all Damil's obligations under the note. In October 1979 the three executed on Damil's behalf a promissory note in the amount of $216,781.07, representing renewal of the previous note. Chester and Lucas at this time put up as collateral three parcels of land which they owned in an individual capacity, and executed a security deed in appellant's favor. Of the two parcels relevant to this appeal, appellant took a first mortgage on the smaller of the adjacent lots and a second on the larger, which had previously been encumbered with a first mortgage in favor of an unrelated lender.

In June 1981, Damil having defaulted, appellant filed an action (appeal no. 68017) against the individual appellees as guarantors of Damil's indebtedness, seeking a principal balance of $199,573.16 and accrued interest of $8,026.13, plus interest at 10% until the date of judgment. The individual appellees denied liability, and the following October appellant filed a similar action (appeal no. 68016) against Damil. Before the cases came to trial, appellant instituted foreclosure proceedings against both parcels but did not pursue the action on the larger; instead, appellant purchased that parcel outright at the sale held pursuant to foreclosure proceedings instituted by the holder of the first mortgage. The smaller parcel brought $28,000 at the sale held pursuant to appellant's foreclosure.[1]

After several delays the consolidated cases came to trial, and ap-

---

[1] The parcel was initially sold for $10,000, but the superior court declined to confirm the sale on the basis that the price received had not been shown to represent fair market value. See OCGA § 44-14-161. The parcel was then resold for $28,000, and the court, in accordance with the statute, confirmed the sale.

pellees acknowledged their signatures on the note and loan agreement and the deed to secure debt. They raised a number of issues concerning not only liability but the amount of damages actually warranted by the evidence, contending that the bank had failed to credit certain sums collected and had added unauthorized charges. Appellees also raised issues concerning the propriety of the bank's manner of acquiring the larger tract and the legal consequences of such acquisition. The bank asserted that the total amount due at the date of trial was $225,627.17, $187,000 of which represented the principal balance. At the close of the bank's evidence, appellees moved for directed verdicts on the ground, *inter alia*, that appellant had not proved its damages with sufficient specificity to enable the jury to calculate damages without resorting to guesswork and speculation. The court granted the motion on this ground, and the jury returned verdicts for appellees. The bank appeals, enumerating as error the award of directed verdicts. *Held*:

It is an elementary principle of contract law that in order to collect on a promissory note, the plaintiff creditor must prove not only the alleged debtor's liability but the amount to which he is entitled. *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711 (165 SE2d 581) (1968). Introduction of the promissory note (together with related documents, where appropriate) makes a *prima facie* case for the plaintiff and imposes upon the defendant the burden of raising defenses in rebuttal of the plaintiff's evidence. OCGA § 11-3-307 (1), (2); *Malone v. Price*, 138 Ga. App. 514 (226 SE2d 623) (1976). If the defendant cannot do so, liability is established, and the plaintiff then has the burden of proving the amount owed. *Dept. of Transp. v. Bird*, 158 Ga. App. 369, 370 (280 SE2d 394) (1981); *Bobo v. Gebhardt*, 154 Ga. App. 436, 437 (268 SE2d 699) (1980).

The record in the instant case reveals that at trial a number of figures, some disputed and others undisputed, were introduced in evidence by the bank. The sole figure clearly established was the amount of the principal balance owing; that is, $187,000. The bank offered to provide a "breakdown" of the amounts allegedly owing which were comprised in the approximately $40,000 difference between the $225,000 total claimed by the bank and the figure of $187,000 in principal, and proceeded to set forth certain figures purporting to represent various items making up the disputed $40,000 difference. Appellees challenged these figures and in some instances demonstrated that they did not represent legitimate charges against the account. Thus there emerged from the bank's presentation of its evidence no clear-cut determination of what was actually due and owing to appellant at the time of trial, over and above the principal amount of $187,000.

"The question of damages cannot be left to speculation, conjec-

ture and guesswork." *Dev. Corp. of Ga. v. Berndt*, 131 Ga. App. 277, 278 (205 SE2d 868) (1974). See also *Dept. of Transp. v. Bird*, supra; *Bennett v. Assoc. Food Stores*, supra. Where there is insufficient competent evidence to enable a jury to calculate with reasonable certainty the sum owed, direction of a verdict against the plaintiff creditor is authorized. *Bennett*, supra at 716. See also *Bradley v. Godwin*, 152 Ga. App. 782, 784 (264 SE2d 262) (1979); *Carr v. Jacuzzi Bros.*, 133 Ga. App. 70 (210 SE2d 16) (1974).

Our scrutiny of the record persuades us that the bank succeeded in establishing liability on appellees' part and further succeeded in establishing the principal amount owing. It was error, therefore, for the court to grant appellees a directed verdict as to the principal amount. As to the additional sums claimed in interest and expenses, however, the bank neither proved that a sum certain was owed it, nor presented its evidence in such a manner as to enable a jury to calculate the amount owed without resorting to guesswork and speculation. A directed verdict as to these additional sums was authorized.

In light of the record, we must reverse the directed verdict as to the principal sum of $187,000 and affirm the directed verdict for appellees as to the other amounts in dispute.

*Judgment affirmed in part and reversed in part. McMurray, C. J., and Sognier, J., concur.*

DECIDED JUNE 1, 1984 —
REHEARING DENIED JUNE 20, 1984.

*Charles L. Daniel III*, for appellant.
*Robert M. Brinson, Quinton S. King, Harvey C. Brown, Jr.*, for appellees.