70463. CHRYSLER CORPORATION v. MARINARI.
(339 SE2d 343)

CARLEY, Judge.

In January of 1982, appellee-plaintiff Army Captain Marinari was stationed in Europe. He decided to purchase a Dodge van for delivery upon his return to the United States on May 10, 1982. Appellee went

to an international dealer of appellant-defendant Chrysler's products and placed his order. On May 10, 1982, appellee accepted delivery of the van in Atlanta. During the next 12 to 14 months, appellee returned the van to appellant's dealers some 13 times for warranty work. After these attempts, appellee sought to have appellant replace the van or return his money. When appellant declined to do either, appellee filed a multi-count complaint against appellant, seeking damages for fraud and breach of warranty, as well as attorney fees. The case was tried before a jury. The verdict, as it was actually returned by the jury, was as follows: "1) We the jury are in favor of [appellee] on the *Count* 1 *Charge* of *Fraud* and assess punitive damages or charges at $200,000.00[.] 2) We the jury are in favor of [appellee] on the Count 2 Charge of Breach of Express Warranty and award [appellee] the estimated $4,000.00. . . ." (Emphasis in original.) The jury verdict also included an award to appellee of attorney fees. Judgment was entered on this verdict. Appellant appeals.

1. Appellant urges that it was error to enter judgment as to the fraud count because the jury returned only punitive damages as to that count. An "award of punitive damages . . . , in the absence of any finding of actual damages, is improper as a matter of law. [Cit.]. . . . A judgment based on such a verdict will be set aside. [Cits.]" *Wade v. Culpepper*, 158 Ga. App. 303, 305 (279 SE2d 748) (1981).

The instant case arose from one specified act: the sale by appellant of a van to appellee. However, that fact has legal significance only to the extent that appellee could proceed against appellant under a contract theory, under a tort theory, or under both theories until such time as he demonstrated his entitlement to a recovery under *one* of those two theories. See generally *Bell v. Sigal*, 129 Ga. App. 249 (199 SE2d 355) (1973); *UIV Corp. v. Oswald*, 139 Ga. App. 697 (229 SE2d 512) (1976). What is, however, ultimately decisive with regard to the issue of the recoverability of punitive damages in the instant case is the verdict as it was returned by the jury. See generally *Preferred Risk Ins. Co. v. Boykin*, 174 Ga. App. 269, 276 (10) (329 SE2d 900) (1985), cert. denied 254 Ga. 349 (331 SE2d 879) (1985). As quoted above, the verdict in the case at bar, as it was *actually* returned by the jury, clearly shows that the jury's *only* purported award of compensatory damages was on "the Count 2 Charge of Breach of Express Warranty. . . ." This unambiguous specific award of compensatory damages as to appellee's express warranty theory of recovery can *not* serve as the predicate for a recovery of punitive damages which the jury awarded pursuant to appellee's *separate* fraud theory. "An action of deceit can not be supported by proof of damages result-

ing from the breach of a warranty either express or implied. This is so for the reason that the action is one ex delicto, and such proof relates to a cause of action arising ex contractu." *Brooke v. Cole*, 108 Ga. 251 (33 SE 849) (1899).

Thus, even assuming that, under the evidence adduced, appellee *could* have been awarded compensatory damages under his fraud theory, thereby establishing the necessary predicate for a recovery of punitive damages under that theory, the jury *actually* awarded appellee only compensatory damages as to his contract theory and only punitive damages as to his entirely *separate* tort theory. "Construing the verdict form in its entirety, and giving the verdict its 'reasonable intendment' as required by OCGA § 9-12-4, it thus appears that the [$200,000] that was specifically awarded on Count [1] was intended to be an award consisting entirely of exemplary damages, unaccompanied by an award of nominal or compensatory damages on that count. Since exemplary damages cannot be recovered where there is no entitlement to compensatory damages, the award of exemplary damages must be reversed. [Cits.] Compare *Suber v. Fountain*, 151 Ga. App. 283, 290 (259 SE2d 685) (1979), wherein an *ambiguous* verdict was construed in favor of its validity; *West Ga. Pulpwood & Timber Co. v. Stephens*, 128 Ga. App. 864, 869 (3) (198 SE2d 420) (1973), wherein there was no separate itemization of general damages and exemplary damages. This result obtains even though the parties failed to object to the form of the verdict when it was returned, since the award of exemplary damages was improper as a matter of law. [Cits.]" (Emphasis in original.) *Preferred Risk Ins. Co. v. Boykin*, supra at 277. Accordingly, the judgment as to punitive damages is void and must be set aside. *Wade v. Culpepper*, supra.

2. With regard to the award of compensatory damages for breach of warranty, appellant contends that the evidence was not sufficient to authorize the jury's verdict of "the estimated $4,000.00. . . ."

"The measure of damages for breach of warranty is the difference *at the time and place of acceptance* between the value of the goods accepted and the value they would have had if they had been as warranted. . . ." (Emphasis supplied.) OCGA § 11-2-714 (2). Appellee did testify as to the purchase price of the van, and, thus, he established *one* of the two figures for calculating the amount of damages recoverable for breach of warranty. See generally *Ford Motor Co. v. Gunn*, 123 Ga. App. 550, 552 (2) (181 SE2d 694) (1971). However, a review of the transcript reveals that appellee's testimony failed further to establish the second figure, which is "the value of the vehicle delivered in a defective condition." *Ford Motor Co. v. Gunn*, supra at 552. The evidentiary basis upon which the jury obviously arrived at its "estimated" verdict is a portion of appellee's testimony concerning the difference between the "as warranted" value and the actual value

of the allegedly defective van *at the approximate time of trial,* some years *after* the time of original delivery and acceptance. The transcript reveals no competent evidence of the value of the van in its defective state *at the time and place of delivery.* When the entirety of appellee's testimony is considered, it is clear that he was *never* able to establish any value for the van at the time and place of delivery except that value indicated by the price that he paid for it. In order to recover for breach of warranty, it was necessary for appellee to produce evidence of the actual value of the *defective* van at the time of delivery. In the absence of such evidence, it was error to enter judgment on the jury's award of compensatory damages for the breach of warranty count.

3. For the reasons discussed above, the judgment must be reversed as to both compensatory damages awarded on the breach of warranty count as well as the punitive damages awarded on the fraud count. It necessarily follows that the judgment must also be reversed as to the award of attorney fees.

4. Remaining enumerations not otherwise addressed are moot.

*Judgment reversed. Sognier, J., concurs. Birdsong, P. J., concurs in the judgment only.*

DECIDED DECEMBER 3, 1985 —
REHEARING DENIED DECEMBER 19, 1985 — 

*Charles C. Carter,* for appellant.
*Kenneth M. Henson, Kenneth M. Henson, Jr.,* for appellee.