A89A2310. SENTRY INSURANCE v. MAJEED et al.
(390 SE2d 269)

BIRDSONG, Judge.

Appellant, Sentry Insurance Company (Sentry), appeals the final order and judgment of the superior court dismissing its declaratory judgment action for failure to state a claim upon which declaratory judgment can be granted.

Appellee, Bahiyyah Abdul Majeed, claims that certain losses arising out of an automobile collision were covered by a policy of automobile insurance issued by appellant. Appellant asserts that the vehicle in question, a Plymouth, is not covered as it was an uninsured vehicle owned by appellee and being driven by her husband at the time of collision. Appellant further asserts that the Plymouth was added to the policy replacing a Volvo that was taken out of service; but, upon determining the Plymouth could not pass inspection and needed repairs, appellee requested the Plymouth be removed from the policy and that the Volvo be re-listed as an insured vehicle thereon. No request subsequently was made by appellee to re-list the Plymouth on the insurance policy. Appellee asserts that she was assured by an agent for the company that the vehicle would be covered when it was returned to service, and that appellant is obligated to appellee for PIP benefits under appellee's policy of insurance with appellant. Appellee has not filed any court action against appellant or others for damages arising from the collision.

The superior court dismissed the declaratory judgment action brought by appellant Sentry on grounds, inter alia, that declaratory judgment actions are not appropriate for determination as to no-fault coverage, in part because declaratory judgment is not available to a party merely to test the viability of its defenses. *Allstate Ins. Co. v. Shuman*, 163 Ga. App. 313 (293 SE2d 868); *Baron v. State Farm &c. Ins. Co.*, 157 Ga. App. 16 (1) (276 SE2d 78).

Appellant's sole enumeration of error is that the trial court erred in dismissing, sua sponte, appellant's complaint as a genuine controversy does exist, and that this is a proper matter for declaratory judgment. *Held*:

1. In its brief, appellant Sentry asserts that the trial court erroneously found appellee's answer to paragraph 14 of the complaint constituted a defense of failure to state a claim upon which relief may be

granted.

This assertion of error, although contained in appellant's brief, was not included within the parameters of its sole enumeration of error. OCGA § 5-6-40 provides that enumeration of errors "shall set out *separately* each error relied upon." (Emphasis supplied.) Appellant, in its sole enumeration of error, has separately stated that the trial court erred in dismissing its declaratory judgment action because it presented a proper matter for declaratory judgment as a genuine controversy exists. "Matters not enumerated as error will not be considered on appeal." *Rider v. State*, 226 Ga. 14 (2) (172 SE2d 318). " 'An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration.' [Cits.] One cannot expand the scope of review or supply additional issues 'through a process of switching, shifting, and "mending your hold." ' " *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223-224 (372 SE2d 493); accord *Thomason v. Times-Journal*, 190 Ga. App. 601 (3) (379 SE2d 551). Therefore, we cannot pass upon this issue as it is not properly before this court on review. *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (367 SE2d 272).

2. Appellant, citing *Board of Trustees &c. of Ga. v. Kenworthy*, 253 Ga. 554 (322 SE2d 720), asserts that in a controversy in which there is a pending adverse claim, the matter would be proper for decision by declaratory judgment. We are not convinced that *Board of Trustees* supports the broad position asserted by appellant. Initially we note that the Supreme Court reaffirmed the long-standing rule that "[t]his court has in the past generally refused to issue advisory opinions. [Cits.] We normally limit our rulings to the specific case or controversy decided by the trial court, [cit.], and do not venture an opinion as to *the legality of future actions* which may or may not occur." (Emphasis supplied.) Id. at 557.

Moreover, we find the facts in *Board of Trustees* to be distinguishable from the facts in this case. The case before us involves an administrative claim between a private citizen and an insurance company; the rights of the public are not directly involved. The claims referred to in *Board of Trustees* would involve claims against a state agency allegedly adverse to plaintiff as a citizen and taxpayer of Georgia. Likewise, the facts of the case sub judice are distinguishable from the facts in *Allstate Ins. Co. v. Shuman*, supra, also cited by appellant, where the appellant as well as other insurance companies in the state were "being inundated with claims for retroactive benefits" assertedly prescribed to a genuine question of what law was to apply. Id. at 317.

In the seminal case of *Athens v. Gerdine*, 202 Ga. 197 (1) (42 SE2d 567), the Supreme Court held: "While our declaratory-judg-

ment statute . . . should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing *accrued rights*, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." (Emphasis supplied.) Compare *Peeples Indus. v. Parker Hannifin Corp.*, 189 Ga. App. 857 (377 SE2d 691). As in *Chastain v. U. S. Fid. &c. Co.*, 190 Ga. App. 215, 217 (1) (378 SE2d 397), "there is no question that a dispute exists between [the insurance company] and defendant with regard to the parties' rights and duties under an automobile . . . insurance policy. However, all possible rights under the policy have accrued and all obligations have attached. Further, the record discloses that there is no *pending action* which could possibly expose [the insurance company] to uncertainty with regard to its duty to defend. . . . It is therefore apparent that [the insurance company] was merely seeking an advisory opinion from the trial court should past events result in an action at law or in equity. Georgia's Declaratory Judgments Act makes no provision for such an opinion." (Emphasis supplied.)

In this case, no other suits are pending, and the record reveals that appellant Sentry has taken a firm position that it did not insure the Plymouth automobile at the time of the collision and has no obligation to appellee, acting in any capacity, for any claims or damages resulting therefrom. In *Jahncke Svc. v. Dept. of Transp.*, 134 Ga. App. 106 (213 SE2d 150), although holding under the facts there presented that the parties' rights had not accrued and that the right to declaratory judgment was therefore still alive, we stated, "where the courts have found that rights have accrued, the plaintiffs seeking the declaration of their rights had already denied the claim *or had otherwise taken a firm position as to their rights or liabilities.* Those plaintiffs were not 'walking in the dark' [cit.] but had affirmatively acted." (Emphasis supplied.) Id. at 108. We find appellant has taken such a firm position.

In view of the above, the precedent of *Chastain* is controlling. *Chastain*, supra; compare *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177 (363 SE2d 614).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

*Eason, Kennedy & Associates, Richard B. Eason, Jr.*, for appellant.

*Prince A. Brumfield, Jr.*, for appellees.