A90A0321. MUMFORD v. PHILLIPS.
(395 SE2d 45)

CARLEY, Chief Judge.

Appellant-plaintiff filed a mechanic's lien for labor and materials employed in his repair of an outboard motor that he had originally sold to appellee-defendant. Appellee answered and filed a counterclaim for breach of warranty. The case was heard by the trial court

sitting without a jury. As to appellee's counterclaim, the trial court awarded $5,000 in actual damages for breach of warranty, $5,000 in punitive damages, and $1,000 in attorney's fees. This $11,000 was then reduced by $1,130, the amount that the trial court found was owed appellant for non-warranty repairs he had made on the motor. A $9,870 judgment was accordingly entered for appellee and appellant appeals.

1. Appellant enumerates as error the trial court's award to appellee of $5,000 in actual damages, urging that there is no evidence to authorize the award of such an amount.

Appellee elected to affirm the contract whereby he purchased the motor and to sue appellant for damages for breach of warranty. The evidence authorized the trial court to find that appellant had misrepresented the motor as being "new" when he sold it to appellee. However, there is absolutely no evidence to authorize an award of $5,000 as damages for this breach of warranty. "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." OCGA § 11-2-714 (2). There was no evidence to authorize a finding that $5,000 represents the difference between the value of the motor as accepted and its value had it in fact been "new."

The evidence also authorized the trial court to find that appellant had extended a twelve-month warranty of repair on the motor. Again, however, there is absolutely no evidence to authorize an award of $5,000 as damages for appellant's breach of this warranty. "There was . . . evidence as to the purchase price of the [motor but not] its value without the [necessary repairs]." *Patron Aviation v. Teledyne Indus.*, 154 Ga. App. 13, 16 (3) (267 SE2d 274) (1980).

There being no evidence to authorize an award to appellee of $5,000 as actual damages for appellant's breach of warranty, the judgment as to those damages must be reversed.

2. Since the award of $5,000 in actual damages is unauthorized and must be reversed, there is no basis for the award of punitive damages and attorney's fees and those awards must also be reversed. However, in the event that a retrial is held, we would point out that, contrary to appellee's contentions, *Webster v. Webster,* 250 Ga. 57 (295 SE2d 828) (1982) did not authorize the trial court to make an award of attorney's fees without any evidence ever having been presented as to the actual cost of legal representation and the reasonableness of that cost. The *Webster* decision concerned OCGA § 19-6-2 (a) (1), which applies to an award of attorney's fees in a divorce or alimony action. OCGA § 19-6-2 (a) (1) has no applicability in this case and, consequently, *Webster* is likewise inapplicable. Accordingly,

in the event of a retrial, no award of attorney's fees should be made unless there is evidentiary support for such an award. See generally *Market Ins. Corp. v. IHM, Inc.*, 192 Ga. App. 441, 442 (3) (385 SE2d 307) (1989).

*Judgment reversed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 29, 1990.

*Joel E. Williams, Jr.*, for appellant.
*Paul W. Calhoun, Jr.*, for appellee.