A91A0448. WILLIAMS v. DIENES APPARATUS, INC.
A91A1217. FALCO MANUFACTURING, INC. v. DIENES APPARATUS, INC.
(407 SE2d 408)

BEASLEY, Judge.

Falco Manufacturing, lessee of certain machinery and a building from Williams, sued Williams and sought damages for furnishing faulty equipment, lost profits, and cancellation of the lease. Williams in turn brought a third-party complaint against Dienes Apparatus from whom he purchased the machinery which was leased to Falco. He prayed for indemnification and reimbursement for the total value

of the lease, $175,000, on the ground that Dienes furnished him with equipment which was not fit for the use intended. By amendment Williams sought to recover the value of the machinery purchased less salvage value. Dienes counterclaimed against Williams for the balance owing on the purchase of the machinery.

The claims arose out of the following facts. Three individuals started Falco with the idea of manufacturing and producing bonded monocord thread from yarn. They attempted to interest Williams in investing in their company. He declined but agreed to lease them a building for use in the manufacturing process and machinery necessary to produce the thread. The individuals negotiated with Dienes and selected certain needed machinery. Williams paid for it and leased it to Falco. The process included as an attachment to the machinery a "black box" in which Falco had a proprietary interest. Falco did not supply the "black box." From the beginning there were problems with the functioning of the machines in conjunction with the "black box" and no satisfactory, lasting production was ever obtained. Falco blamed Dienes and Dienes blamed Falco for the malfunctions.

The lease agreement between Falco and Williams was for a monthly rental of $3,500 for 50 months. Falco made only two payments. Dienes sold Williams the machinery for $78,922. When Falco closed down, Williams still owed Dienes $7,472.50.

At the trial after the close of plaintiff Falco and third-party plaintiff Williams' evidence, Dienes moved for directed verdict based on a failure to prove damages. The trial court granted that motion. It then granted Williams' directed verdict motion on the ground there was no basis for cancellation of the lease between Williams and Falco. The court also granted a directed verdict in favor of Dienes on its counterclaim.

## Case No. A91A1217

1. The appeal of Falco complains that it was error a) to direct a verdict in favor of Williams on the issue of termination of the lease and b) to direct a verdict against it and in favor of Dienes for $7,472.50, the balance owed on the purchase price of the equipment.

(a) Falco's founder picked out the equipment which was leased from Williams. Williams also leased Falco a building and other equipment, besides that procured from Dienes, about which no question was raised. Falco made no effort to establish how the alleged failure of the Dienes equipment affected the total value of the lease. Insofar as Falco sought to rescind the lease, the parties operated under the lease for about three years of the four-year two-months lease and Falco never sought to restore or tender the benefits received under

the contract. OCGA § 13-4-62. See *Jones v. Gaskins*, 248 Ga. 510, 512 (1) (284 SE2d 398) (1981); *Henderson Elevator Co. v. N. Ga. Milling Co.*, 126 Ga. 279, 282 (3) (55 SE 50) (1905); *Milam v. Gray*, 80 Ga. App. 356 (3) (56 SE2d 168) (1949). During that time Falco made only two payments on the lease. "[T]he right of a party to rescind a contract depends upon that party's not having breached the contract himself." *Martin v. Rollins*, 138 Ga. App. 649, 651 (226 SE2d 771) (1976) aff'd 238 Ga. 119 (231 SE2d 751) (1977). Lastly, Falco has failed to show any mistake which would relieve it from its contractual obligation. See *Hyman v. Horwitz*, 148 Ga. App. 647, 649 (252 SE2d 74) (1979). There was no cause for cancelling, in its entirety, the lease between Williams and Falco under OCGA § 23-2-24. A directed verdict was authorized by OCGA § 9-11-50 (a).

(b) There was no judgment against Falco for the balance owed by Williams on the purchase price of the equipment obtained from Dienes. Falco's second enumeration is moot.

### Case No. A91A0448

2. Williams contends that the trial court erred: a) by directing a verdict against him on his third-party complaint against Dienes and b) by directing a verdict in favor of Dienes on its counterclaim against him.

(a) As to whether there was sufficient evidence of damages on which Williams could predicate recovery from Dienes, the answer is no. There was evidence as to the machines not functioning or not performing the tasks which Falco sought to accomplish. There was also evidence as to their purchase price.

However, there are only two places pointed out in the transcript where there was evidence the machines were worthless. Neither indicates that fact. Williams was asked: "And did you try to sell the Dienes machinery?" He responded: "No, sir. I didn't — hadn't had nobody to have no interest in it." The owner of Dienes was cross-examined: "Q. Does the machinery have any value the way it sits now? A. I wasn't looking at it with that in mind. It would take a close examination to put any appropriate value on it. Q. Would you think that it would have any salvage value? A. I would certainly want to examine it." He then explained that due to its condition "You'd have to examine very carefully to put a reasonable value on it."

The burden was on Williams to produce evidence which would "furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages. [Cit.] It cannot be left to speculation, conjecture and guesswork." *Bennett v. Assoc. Food Stores*, 118 Ga. App. 711, 716 (165 SE2d 581) (1968). "The measure of damages for breach of warranty is the difference at the time and place

of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." OCGA § 11-2-714 (2).

The purchase price may establish one of the two figures needed. However, Williams failed with regard to the second by not showing the value of the equipment delivered in a defective condition. *Chrysler Corp. v. Marinari*, 177 Ga. App. 304, 306 (2) (339 SE2d 343) (1985). There is no evidence which would sustain a finding of value at the time of acceptance. See *Mumford v. Phillips*, 195 Ga. App. 782, 783 (1) (395 SE2d 45) (1990); *Fiat Auto U. S. A. v. Hollums*, 185 Ga. App. 113, 115 (4) (363 SE2d 312) (1987). Where there is insufficient evidence to enable the jury to calculate damages with reasonable certainty, a directed verdict against the complainant is authorized. *Bennett*, supra; *First Nat. Bank v. Damil*, 171 Ga. App. 237, 239 (319 SE2d 54) (1984).

(b) The evidence offered regarding Dienes' counterclaim as to the unpaid balance was that Williams owed Dienes $7,472.50, which was undisputed. Thus, the direction of a verdict on Dienes' counterclaim was authorized. OCGA § 9-11-50; *Burney v. Butler*, 243 Ga. 620 (1) (255 SE2d 686) (1979).

*Judgments affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 27, 1991.

*Jerry N. Neal*, for appellant (case no. A91A0448).
*Charles D. Strickland*, for appellant (case no. A91A1217).
*Andrew J. Hill, Jr., Heard, Leverett & Phelps, E. Freeman Leverett*, for appellee.