## A00A1165. DIXON DAIRY FARMS, INC. v. CONAGRA FEED COMPANY.
### (538 SE2d 897)

MILLER, Judge.

Pursuant to an open account agreement, Conagra Feed Company sold cow feed to Dixon Dairy Farms, Inc. for a period of about two months. When Conagra sued for the outstanding invoice balance of $123,110.61,[1] Dixon Dairy claimed an offset on the ground that Conagra's feed was not fit for the ordinary purposes for which such feed is used and counterclaimed for breach of warranty and lost profits. The trial court granted Conagra summary judgment on both its suit on account and on Dixon Dairy's counterclaim. Due to lack of competent evidence, we affirmed the grant of summary judgment to Conagra on Dixon Dairy's claim for lost profits.[2] But we reversed the summary judgment to Conagra on the account claim, reasoning that some evidence supported the offset defense that the feed was not fit for its ordinary intended purpose and thus was not merchantable under OCGA § 11-2-314 (2) (c).[3]

On remand, Conagra submitted opinion evidence[4] that the value of the feed delivered equaled the purchase price invoiced to Dixon Dairy. Conagra again moved for summary judgment on all claims, arguing that the undisputed evidence demonstrated that Dixon Dairy could show no offset or warranty damages as defined in OCGA § 11-2-714 (2). Dixon Dairy responded with an affidavit from its general manager that, based on the performance of the dairy herd during the period it consumed Conagra feed, it was his opinion "that the feed had no value." Disregarding the affidavit as conclusory and as

---

[1] Dixon Dairy does not dispute the invoiced amount, but only the quality of the feed delivered.

[2] *Dixon Dairy Farms v. Conagra Feed Co.*, 239 Ga. App. 233, 236-237 (2) (519 SE2d 729) (1999).

[3] Id. at 234-236 (1).

[4] Dixon Dairy did not object to the court considering this opinion evidence on summary judgment, and thus the trial court was free to consider it. *Bell v. Sellers*, 248 Ga. 424, 425-426 (1) (283 SE2d 877) (1981).

completely inconsistent with the undisputed fact that the herd had subsisted and produced milk while consuming the feed, the trial court granted Conagra summary judgment on all claims. Dixon Dairy appeals. We affirm, holding that Dixon Dairy was estopped from claiming the feed had no value and thus did not produce any competent evidence to contradict Conagra's testimony of no warranty damages or offset.

Dixon Dairy agrees that the controlling legal issue is whether its evidence supported the measure of offset or damages for breach of warranty, which is described in OCGA § 11-2-714 (2):

> The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.

Under this language, a purchaser seeking to recover breach of warranty damages (or to offset a seller's claim for the purchase price) must show two figures: the value of the goods in their defective condition, and the value of the goods had they been as warranted (e.g., the purchase price).[5] If a purchaser shows only the purchase price and fails to present evidence of the goods' value in their defective condition, then its claim fails.[6]

Once Conagra in its summary judgment motion challenged the evidence of damages and submitted testimony that the value of the feed delivered equaled its purchase price, Dixon Dairy was obligated to put on its case in full and counteract that evidence by showing that the value of the "defective" feed was a figure less than its purchase price.[7] Dixon Dairy first points to our earlier decision that evidence showed the feed was defective. But evidence that the goods were defective cannot alone establish evidence of damages.[8]

Although Dixon Dairy next points to the affidavit of its general manager that the feed, as delivered, "had no value," Dixon Dairy is estopped from taking this position. During the hearing on the first

---

[5] *Williams v. Dienes Apparatus*, 200 Ga. App. 205, 207-208 (2) (a) (407 SE2d 408) (1991); accord *Chrysler Corp. v. Marinari*, 177 Ga. App. 304, 306-307 (2) (339 SE2d 343) (1985) (physical precedent only).

[6] *Williams*, supra, 200 Ga. App. at 208 (2) (a); *Mumford v. Phillips*, 195 Ga. App. 782, 783 (1) (395 SE2d 45) (1990); *Fiat Auto U.S.A. v. Hollums*, 185 Ga. App. 113, 115-116 (4) (363 SE2d 312) (1987); *Chrysler Corp.*, supra, 177 Ga. App. at 306-307 (2).

[7] See generally *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 681 (2) (498 SE2d 748) (1998) (whole court).

[8] *Williams*, supra, 200 Ga. App. at 207-208 (2) (a); *Mumford*, supra, 195 Ga. App. at 783 (1).

summary judgment motion, Dixon Dairy's counsel stated in open court:

> Our basic position is . . . that the evidence would be sufficient for a jury to determine that the value of the feed was not what they were charged. No, we can't say that it was worthless because yes, they did produce milk. All the cows didn't die and dry up, so there was some value in the feed. We don't deny that, can't deny it.

A party is estopped from contradicting solemn admissions made in judicio.[9] Statements made by a party's counsel during a hearing on a motion for summary judgment are regarded as admissions in judicio and are binding on the party.[10] The admissions may be considered conclusive for purposes of summary judgment and until withdrawn or amended estop the party from denying them or introducing any evidence to controvert them.[11]

The court properly disregarded the affidavit of Dixon Dairy's general manager that the feed had no value because it contradicted Dixon Dairy's prior admissions in judicio and was thus insufficient to establish damages. In the absence of competent evidence to contradict Conagra's unobjected-to opinion evidence of zero offset or warranty damages, the trial court correctly granted summary judgment in favor of Conagra on its account claim and on Dixon Dairy's counterclaim.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 8, 2000.

*Howard, Carswell & Bennett, Kenneth R. Carswell*, for appellant.

*Chambless, Higdon & Carson, Brown W. Dennis, Jr., Marc T. Treadwell*, for appellee.

---

[9] OCGA § 24-4-24 (a), (b) (7).

[10] *State Farm &c. Ins. Co. v. Terry*, 230 Ga. App. 12, 17 (4) (495 SE2d 66) (1997) (whole court), aff'd, 269 Ga. 777 (504 SE2d 194) (1998); see *Lamb v. Decatur Fed. Sav. &c. Assn.*, 201 Ga. App. 583, 588 (411 SE2d 527) (1991) (on motion for reconsideration) ("[a]n admission in open court is an admission in judicio; a judicial admission is conclusive. [Cits.]").

[11] *Versico, Inc. v. Engineered Fabrics Corp.*, 238 Ga. App. 837, 839 (1) (520 SE2d 505) (1999).