A01A0839. SOUTHERN HERITAGE INSURANCE COMPANY
v. GREENE INSURANCE AGENCY et al.
(549 SE2d 743)

MIKELL, Judge.

Southern Heritage Insurance Company ("Southern") appeals the dismissal of its declaratory judgment action. For the reasons set forth below, we affirm in part and reverse in part.

Southern filed the action against its insureds, Sharon Snyder and Quincey Wayne McMillan, as well as the agent and agency who procured the automobile insurance policy at issue, William K. Greene and Greene Insurance Agency, Inc. (collectively "agent"), after the insureds made a claim against the policy for uninsured motorist benefits based on injuries they sustained in a collision that occurred on March 16, 2000. In its petition, Southern alleged that it discovered after the collision that the insureds did not own the vehicles for which they sought insurance, contrary to their representations on the policy application and the subsequent addition thereto. Southern further alleged that the insureds did not pay the premiums on the vehicle involved in the collision and were not employees, officers, or shareholders of "L & M Bag N Supply c/o Quincey Mcillan [sic]," the entity in which the certificate of title was issued. Therefore, Southern asked the trial court to determine whether the insureds lacked an insurable interest in the vehicle, such that Southern was not obligated to pay their claims.

Southern also alleged that the agent and the insureds gave conflicting statements as to whether the insureds disclosed to the agent the true ownership of the vehicles. Southern asserted that in the event it was held liable for the insureds' claims, then the agent should be required to reimburse Southern for the full amount of those payments, plus Southern's attorney fees.

The agent filed a motion to dismiss the petition for failure to state a claim, contending, inter alia, that no justiciable controversy existed between the agent and Southern; that the petition sought affirmative relief and damages, which are not recoverable in a declaratory action; and that the petition alleged no facts or legal theory

which set forth any claim against the agent. After a hearing, the trial court dismissed the complaint in its entirety. To this ruling Southern has assigned eight enumerations of error. We address only those that are essential to the disposition of this appeal.

1. We first consider whether the petition states a claim for declaratory relief against the agent. A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any facts that could be proved in support of its claim.[1] Our review of the trial court's ruling on a motion to dismiss is de novo.[2]

A liberal reading of Southern's petition reveals that Southern seeks indemnification from the agent in the event that the trial court declares that Southern is obligated to pay its insureds' claims. While the petition does not indicate the theory upon which such a claim is based, Southern apparently contends that the agent may have misrepresented to Southern the true ownership of the insured vehicles. Southern's petition prays that if it is required to pay either of the insureds, then the agent should be held liable for the payment of their claims and for Southern's attorney fees.

As alleged, the petition fails to state a claim for declaratory relief against the agent. Initially, we note that there is no Georgia case precisely on point. However, it is axiomatic that damages may not be recovered in a declaratory judgment action.[3] "The legislative intent and purpose of our Declaratory Judgment Act is to relieve against uncertainty and insecurity; to declare rights, status, and legal relations, but not to execute remedies or grant coercive relief. Consequently a judgment for damages may not be recovered in a declaratory action."[4] Southern seeks indemnification and damages rather than a declaration of its rights against the agent. As damages are unavailable in a declaratory judgment action, we uphold the trial court's dismissal of the claim against the agent.

Dicta in *Pennsylvania Threshermen &c. Ins. Co. v. Gardner*[5] lend further credence to our determination. In *Pennsylvania Threshermen,* the insured claimed that the insurance company's agent fraudulently failed to procure coverage for a vehicle involved in a collision. The agent was not named as a party, and the trial court's dismissal of the petition was upheld for reasons not pertinent here. However, this

---

[1] *Croxton v. MSC Holding*, 227 Ga. App. 179, 180 (489 SE2d 77) (1997).

[2] Id.

[3] *Calvary Independent Baptist Church v. City of Rome*, 208 Ga. 312, 315 (4) (66 SE2d 726) (1951).

[4] (Citation omitted.) Id.

[5] 107 Ga. App. 472 (130 SE2d 507) (1963).

Court stated that a dispute based upon the agent's fraud and deceit

> would not present an actual or justiciable controversy within the meaning of Section I of the Declaratory Judgment Act. Such allegations would not state an issue as to the construction of a liability insurance contract, a dispute as to the rights of the parties thereto, or even a controversy as to the existence of such policy, but would be predicated upon the plaintiff's liability in tort for having defrauded defendant with misrepresentations as to the issuance of an insurance contract providing coverage on the automobile.[6]

Here too, Southern's petition contemplates the agent's tort liability; as such, it fails to state a claim for declaratory relief against the agent.

Contrary to Southern's argument, *Hearn v. Great Southwest &c. Ins. Co.*[7] does not mandate a contrary result. The insurer in *Hearn* filed a declaratory action against its insured to determine whether its policy covered the loss of a boarded animal. The insurance agent who submitted the application intervened and filed a counterclaim against the insurer for indemnification and reformation. The agent's claim for indemnity was dismissed, and summary judgment was granted to the insurer based on a policy exclusion. This Court affirmed, based on the insured's failure to read the policy. The agent's intervention was not an issue on appeal, and *Hearn* does not support Southern's argument that it is entitled to seek damages in a declaratory action.

Next, Southern urges this Court to follow the reasoning of the Southern District of Florida in *Cas. Indem. Exchange v. High Croft Enterprises.*[8] The court in that case held that the insurance agent was an indispensable party plaintiff to a declaratory action brought by an insurer against its insured. The insured had counterclaimed against the insurer for breach of the policy and had sought to add the agent as a plaintiff in order to assert a similar counterclaim against it as well. Analyzing the insured's request under Fed. R. Civ. P. 19, the court stressed the "probability of a subsequent litigation that might produce inconsistent [results]" as a factor in its decision.[9] Here too, Southern contends, it may be faced with inconsistent results if the agent's dismissal from this litigation is upheld. While we cannot

---

[6] Id. at 474 (6).

[7] 193 Ga. App. 31 (386 SE2d 859) (1989).

[8] 714 FSupp. 1190 (S.D. Fla. 1989).

[9] Id. at 1192. As joinder of the agent defeated diversity jurisdiction, the court dismissed the action.

say that this logic lacks merit in the abstract, nevertheless, the fact remains that Southern's petition seeks damages, which cannot be recovered in a declaratory judgment action. For that reason, it fails to state a claim upon which relief can be granted, and this is not a proper case in which to address the policy considerations that guided the federal court in *Cas. Indem. Exchange*.[10]

Finally, Southern argues that the trial court erred in failing to construe the Declaratory Judgment Act liberally. "While our declaratory-judgment statute should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies."[11] Other remedies are still available to Southern, and dismissal was proper.

2. However, the dismissal of Southern's complaint against its insureds was in error. The trial court ruled that Southern was not entitled to seek declaratory relief against its insureds because it had denied coverage and returned the premiums. While an insurer who has already denied a claim may not seek a declaratory judgment,[12] the evidence does not support the trial court's determination that Southern denied the claim.

The court based its ruling on admissions made by counsel for Southern at the hearing. Statements of counsel in open court are solemn admissions in judicio,[13] and a party is estopped from introducing any evidence to contradict solemn admissions.[14] In the instant case, however, Southern's counsel did not admit that Southern denied coverage or that it returned the premiums because it considered the policy to be void. Although at the hearing, counsel admitted that over $300 in premiums had been returned to the insureds, counsel was unsure as to what the funds represented. In addition, after the hearing but before the court issued its order of dismissal, Southern submitted an affidavit showing that the $322 refunded to the insureds represented coverage for the totaled vehicle after the collision.

---

[10] Under the corresponding Georgia rule, OCGA § 9-11-19 (a), a party is indispensable if (1) the existing parties cannot obtain complete relief without the presence of the other party, or (2) the merits of the case cannot be decided without prejudicing the other party's rights. *Glover v. Allstate Ins. Co.*, 229 Ga. App. 235 (1) (493 SE2d 612) (1997). We note that Southern's ability to present evidence and testimony as to the agent's actions is not jeopardized by his absence from the suit. The agent may be deposed and compelled to testify at trial.

[11] (Citation and punctuation omitted.) *Sentry Ins. v. Majeed*, 194 Ga. App. 276, 277-278 (2) (390 SE2d 269), aff'd, 260 Ga. 203 (391 SE2d 649) (1990).

[12] *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 18 (413 SE2d 450) (1992).

[13] *State Farm Fire &c. Ins. Co. v. Terry*, 230 Ga. App. 12, 17 (4) (495 SE2d 66) (1997) (whole court), aff'd, 269 Ga. 777 (504 SE2d 194) (1998); *John H. Smith, Inc. v. Teveit*, 175 Ga. App. 565, 567 (1) (333 SE2d 856) (1985).

[14] *Dixon Dairy Farms v. Conagra Feed Co.*, 245 Ga. App. 836, 838 (538 SE2d 897) (2000); Green, Ga. Law of Evidence (5th ed.), § 238, p. 476.

Accordingly, the evidence does not demonstrate a denial of coverage, and the court's sua sponte dismissal of the insureds was erroneous.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED MAY 29, 2001.

*Mabry & McClelland, Robert M. Darroch, Dorothy A. Presley,* for appellant.

*Hall, Booth, Smith & Slover, Robert S. Register, Fuller, Johnson & Farrell, Patrick J. Farrell, Jr.,* for appellees.