## A03A0292. SOUTHERN HERITAGE INSURANCE COMPANY v. GREENE INSURANCE AGENCY, INC.
### (577 SE2d 54)

PHIPPS, Judge.

This is an appeal from the dismissal of an amended complaint for declaratory judgment brought by an insurance company against two of its insureds and the agent who procured their policy. In a prior appeal, we affirmed dismissal of the original complaint as to the agent but reversed dismissal as to the insureds. On remand, the insurance company filed the amended complaint, which does not differ from the original complaint in any material respect. On motion by the agent, the court again dismissed the complaint in its entirety. Under the "law of the case" rule, we again affirm dismissal as to the agent but reverse dismissal as to the insureds.

Southern Heritage Insurance Company ("Southern") sued its insureds, Sharon Snyder and Quincey McMillan, after they made a claim for uninsured motorist benefits. The agency and agent who procured the automobile insurance policy at issue, Greene Insurance Agency, Inc. and William Greene (collectively "agent"), were also named as defendants. Southern sought a declaratory judgment that it is not obligated to pay the insureds' claims because, unbeknownst to it when the policy was issued, the insureds lacked an insurable interest in the insured vehicle. Southern asserted that in the event it was held liable to the insureds, it is entitled to indemnification from the agent because the agent knew of the insureds' lack of an insurable interest.

In the prior appeal, we affirmed the dismissal of the claim against the agent on the ground that damages may not be recovered in a declaratory judgment action.[1] We, however, reversed the dismissal of Southern's complaint for declaratory judgment against its insureds.[2] We noted that the trial court had ruled that Southern is not entitled to seek declaratory relief against its insureds because it denied coverage and returned the premiums. We held that although an insurer who has already denied a claim may not seek a declaratory judgment, the evidence does not demonstrate that Southern denied the insureds' claims.

"Under the 'law of the case' rule, any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals, as the case may be."[3] In view of this

---

[1] *Southern Heritage Ins. Co. v. Greene Ins. Agency*, 249 Ga. App. 749, 750 (1) (549 SE2d 743) (2001).

[2] Id. at 752 (2).

[3] (Punctuation and footnote omitted.) *Security Life Ins. Co. v. Clark*, 273 Ga. 44, 46 (1) (535 SE2d 234) (2000).

rule, Southern concedes that the trial court did not err in dismissing the complaint against the agent. But Southern seeks review of the lower court's dismissal of the complaint against its insureds. The insureds argue that dismissal of the complaint against them was correct under a line of cases represented by *Sentry Ins. v. Majeed*,[4] "because declaratory judgment is not available to a party merely to test the viability of its defenses."[5] Southern, on the other hand, maintains that its complaint for declaratory judgment states a claim for relief against its insureds because the complaint meets all of the requirements set forth in *Atlanta Cas. Co. v. Fountain*.[6] Because the posture of this case has not changed since the prior appeal, our reversal of the dismissal of the complaint against the insureds remains binding despite all contentions that our prior ruling was erroneous.[7] Therefore, the arguments concerning *Majeed* and *Fountain* present nothing for review.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 29, 2003.

*Mabry & McClelland, Robert M. Darroch, Dorothy A. Presley, Gino L. Montoya*, for appellant.

*Fuller, Johnson & Farrell, Patrick J. Farrell, Jr.*, for appellee.

---

[4] 194 Ga. App. 276 (390 SE2d 269) (1990).

[5] Id.

[6] 262 Ga. 16, 18 (413 SE2d 450) (1992) (that a demand for payment under the policy has been made; that the insurance company has not yet acted to deny the claim; that legitimate questions exist as to the validity and applicability of the policy provision at issue; and that existing Georgia law does not provide a clear answer).

[7] *Security Life Ins. Co. v. Clark*, supra.