S05F1980. BULAT v. BULAT.
(626 SE2d 504)

SEARS, Chief Justice.

The appellant, Joseph Bulat, appeals from the trial court's award of attorney fees to the appellee, Starla Bulat.[1] Mr. Bulat contends that the trial court's award was not based on competent, admissible evidence, and therefore should be reversed. We disagree.

The record shows that the parties agreed to an informal procedure for determining the attorney fees issue, and that, pursuant to that procedure, the parties agreed that Ms. Bulat would support her request for fees with an itemized bill from her attorney. Mr. Bulat voiced no objection to that procedure, and thus is barred from objecting to the itemized bill on appeal. Moreover, a trial court may award attorney fees under OCGA § 19-6-2 based on the knowledge of the financial circumstances of the parties that it has acquired during the divorce proceedings[2] and based on its ability to "plac[e] a value on

---

[1] Mr. Bulat's application for discretionary appeal was automatically granted under this Court's pilot project in domestic cases. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

[2] See *Bradley v. Bradley*, 233 Ga. 83, 84-85 (210 SE2d 1) (1974).

legal services rendered by an attorney in a divorce action."[3] Accordingly, we find no error in the trial court's award of attorney fees.

*Judgment affirmed. All the Justices concur, except Hines, J., who concurs in the judgment only.*

DECIDED FEBRUARY 13, 2006 —
RECONSIDERATION DENIED MARCH 13, 2006.

*McKenney & Froelich, David M. Kupsky*, for appellant.
*Sandra H. Taylor*, for appellee.

---

[3] *Webster v. Webster*, 250 Ga. 57, 58 (295 SE2d 828) (1982).