## 35560. FIRST NATIONAL BANK OF DeKALB COUNTY v. CENTENNIAL EQUITIES CORPORATION et al.

HILL, Justice.

PCW Associates, Inc. (PCW), leased a tract of land to the National Bank of Georgia (NBG) in 1970 for a 15-year term expiring in 1985, and NBG agreed to construct a branch bank building thereon to become a part of the premises. It was agreed that the lessee, NBG, could not assign the lease without the prior written consent of the

lessor, PCW, "which prior written consent may not be unreasonably withheld." This lease will be referred to hereinafter as " the ground lease."

At some time, Centennial Equities Corp. and two individual defendants, Paul Smith and Michael Gearon (referred to as the ground lease lessors), acquired PCW's interest in the ground lease.

In April, 1978, the First National Bank of DeKalb County (First DeKalb) contracted to buy the branch building and its contents from NBG (hereinafter, the sales contract). The sales contract provided that it would be terminated if the Comptroller of the Currency disapproved First DeKalb's application to establish a branch bank. It also provided that the sale was subject to the terms and conditions of the ground lease.

The comptroller approved First DeKalb's application but NBG refused to complete the sale because the ground lease lessors would not consent to the assignment.

First DeKalb brought this action alleging the fact set forth above, naming NBG and the ground lease lessors as defendants, and seeking (1) specific performance of the sales contract by NBG, and (2) declaratory judgment that the consent to assignment of the ground lease was being "unreasonably withheld" by the ground lease lessors. First DeKalb also prayed for injunctive relief against the ground lease lessors to implement and enforce the court's judgment. The ground lease lessors moved for judgment on the pleadings on the basis that no valid claim existed against them. The trial court granted their motions, holding that First DeKalb "has no cause of action for a declaratory judgment [against the ground lease lessors] because the rights of the parties have accrued." First DeKalb appeals.

At the outset it should be noted that it is conceded by all parties that First DeKalb is not a party to any contract with the ground lease lessors. These lessors contend that First DeKalb is not entitled to declaratory relief against them because it affirmatively appears that the rights of the parties have accrued, and further that First DeKalb is not entitled to any relief against them because First DeKalb has no contractual rights against them. We

disagree.

First DeKalb has (for the purpose of this appeal) a contractual right against NBG which is being denied (for the purpose of this appeal) due to the "unreasonable" withholding of consent by the ground lease lessors. No one disputes (at this point) First DeKalb's right to specific performance of the sales contract if First DeKalb can show in its suit against NBG that the consent of the ground lease lessors is being unreasonably withheld. If First DeKalb is successful in its suit for specific performance against NBG, First DeKalb will then be the ground lease lessee insofar as NBG is concerned, but First DeKalb undoubtedly would have to relitigate the withholding-of-consent issue against the ground lease lessors. Moreover, if First DeKalb is successful in its suit for specific performance against NBG, NBG could be obligated by judgment to specifically perform its sales contract with First DeKalb, but have an unresolved and potentially inconsistent obligation toward the ground lease lessors. Hence, the ultimate rights of the parties are as yet unresolved; those rights have not accrued.

Code Ann. § 81A-119 (a) (2), relating to joinder of parties needed for a just adjudication, provides that "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be afforded among those who are already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (ii) leave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action."

In the absence of the ground lease lessors as defendants, complete relief cannot be afforded among those who are parties, subpart (1) quoted above, and the disposition of the action (i.e., the grant of specific performance) may leave NBG subject to the substantial risk of incurring inconsistent obligations by reason of the claimed interests of the ground lease lessors, subpart (2) (ii) quoted above. See Haas v. Jefferson National Bank, 442

F2d 394, 398 (5th Cir. 1971). The applicability of § 81A-119 (a) becomes clear if we suppose that First DeKalb had sued NBG without naming the ground lease lessors as defendants; NBG could then assert § 81A-119 (a) in defense. Under these circumstances, plaintiff's suit for declaratory judgment was maintainable against the ground lease lessors.

The trial court erred in granting judgment dismissing the ground lease lessors as defendants.

*Judgment reversed. All the Justices concur.*

SUBMITTED NOVEMBER 2, 1979 — DECIDED JANUARY 24, 1980.

*M. H. Blackshear, Jr.,* for appellant.

*Hansell, Post, Brandon & Dorsey, W. Lyman Dillon, Smith, Cohen, Ringel, Kohler & Martin, Kenneth L. Millwood,* for appellees.