DECIDED NOVEMBER 9, 1989.

*Cowen & Cowen, Martin L. Cowen III*, for appellant.
*Griffin E. Howell III*, for appellees.

A89A1983. SOUTHERN FARM BUREAU LIFE INSURANCE
COMPANY v. DOUGLAS.
(388 SE2d 67)

DEEN, Presiding Judge.

Thetus L. Douglas brought suit against Southern Farm Bureau Insurance Company, alleging that in 1978 he had purchased a life insurance policy in the amount of $150,000 through one of its agents and that he was assured at that time that in eight years the policy would accumulate a cash value equal to his premium plus $2,000 to $3,000. The face value of the policy was later raised to $200,000. In 1983 Douglas turned his policy over to the defendant's agent and was told that his policy was being converted into one paying a higher rate of interest, and that he had paid all premiums when due. He claimed that he made no loans against the policy. In Count 1 of his complaint, Douglas contends that he contacted the defendant's agents to inquire as to the total cash value of the policy, and that it was reported to be $43,800. Relying upon that representation, he signed the necessary papers to have the policy cancelled and to receive the cash value. He subsequently received a check in the amount of $17,344.27. He claims that he returned the check and was assured that a computer error had been made. He contends that the company has refused to pay him the full amount to which he is entitled under his policy. In Count 2 Douglas alleges that the full amount of his premiums had not been credited to his policy; that he had been informed that loans were made against his policy which have depleted its cash value; that he has not made any loans against the policy, and that any loans against it were made by the defendant's agents or employees; and that the fraudulent acts of the defendant's employees have damaged him in the amount of $40,922.21 plus interest. He also sought attorney fees and certain statutory penalties.

After filing an answer, which either denied the allegations made in the complaint or stated that it was without sufficient knowledge or information as to the truth of the allegations, the insurance company filed a motion pursuant to OCGA § 9-11-19 to join Gary Mimbs as a person needed for a just adjudication of the action. This motion was supported by the affidavit of Brenda Freeman, Manager, Special Products Services, of Southern Farm Bureau, which stated that the

agent or employee referred to in the lawsuit is Gary Mimbs, as he was the agent with whom the plaintiff dealt and was the initiating agent on all policies issued to the plaintiff. The trial court denied the motion for joinder, and the insurance company was granted an interlocutory appeal. *Held*:

OCGA § 9-11-19, joinder of persons needed for just adjudication, provides: "[a] *Persons to be joined if feasible.* A person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties."

The main consideration concerning joinder "is whether any judgment that might be rendered will be adequate in the absence of the parties sought to be joined. If there are no 'compelling reasons' for the joinder of the third parties, then they are not indispensable to the action, and it is not 'necessary'. . . to join them as parties defendant for a just adjudication of the merits of the action between the original parties . . . To paraphrase the revised rule itself: Complete relief can be afforded between the two original parties to the action in the absence of the third parties." *Peoples Bank of LaGrange v. North Carolina Nat. Bank*, 230 Ga. 389, 392 (197 SE2d 352) (1973). In *Pickett v. Paine*, 230 Ga. 786, 796 (199 SE2d 223) (1973), the court went on to enlarge the rule and adopt a two-pronged test, which holds that: "There are two essential tests of an indispensable party: (1) can relief be afforded the plaintiff without the presence of the other party? (2) can the case be decided on its merits without prejudicing the rights of the other party?" Applying these tests to the instant case, we find that Mimbs is an indispensable party and that the trial court erred in denying the motion for joinder.

*Judgment reversed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 9, 1989.

*Ranitz, Mahoney, Forbes & Coolidge, Morton G. Forbes, Johnny A. Foster*, for appellant.
*Robert S. Reeves*, for appellee.