A93A0012. REVELLE et al. v. HOME SITES, LTD. et al.

(431 SE2d 405)

McMURRAY, Presiding Judge.

A. W. Revelle, Jr., Hellen Revelle and Mary P. Sawilowsky (plaintiffs) brought an action against Home Sites, Ltd. ("Home Sites") and Crowell & Co., Inc. ("Crowell"), alleging that they (plaintiffs) are homeowners in a subdivision known as The Abbeys at West Lake; that Home Sites owns 29 undeveloped lots in the subdivision; that Crowell markets and sells real property in the subdivision and that Home Sites and Crowell induced plaintiffs and others to purchase land in the subdivision by marketing the property as an "upscale subdivision." Plaintiffs allege that Home Sites and Crowell thus "have a confidential relationship and a fiduciary duty . . . to use appropriate diligence to insure that all construction of homes upon all of the lots in [the subdivision] be of at least the same quality of construction, design, materials and size as are now present in the majority of the existing houses in [the subdivision]."[1] Home Sites and Crowell denied the material allegations of the complaint and the parties filed opposing motions for summary judgment. The trial court entered summary judgment for Home Sites and Crowell, finding "no evidence of confidential relationship, fiduciary duty, promissory estoppel, implied covenants, or any other theory of recovery. . . ." This appeal followed. *Held*:

" ' "Our declaratory judgment statutes provide that there must be an actual or justiciable controversy between adverse parties before they can be invoked. [Cit.] When a complaint for declaratory judgment shows upon its face . . . that there is no actual or justiciable controversy between adverse parties, a trial court does not have jurisdiction to render a declaratory judgment. . . . An actual or justiciable controversy was not present in this alleged litigation, and the trial court was without jurisdiction to enter a judgment. This being so, the judgment must be set aside as nugatory." (Cit.) Accordingly, . . . the judgment below must be vacated. As [plaintiffs] failed to demonstrate that [they were] in need of any direction from the court with respect to future conduct on [their] part which might increase [their] liability or otherwise affect [their] interests, the trial court erroneously entered an advisory declaratory judgment which held, in effect, that, should the accrued rights and obligations at issue result in future litigation, then [defendants] would prevail on the merits.' *Oxford Fin. Cos. v. Dennis*, 185 Ga. App. 177, 178 (363 SE2d 614) (1987)." *Logan*

---

[1] The complaint is in three counts and names The Abbeys Association, Inc. as a defendant. However, the issues on appeal only involve plaintiffs' claim for declaratory relief (Count 2) and defendants Home Sites and Crowell. Specifically, plaintiffs state in their brief that the claim asserted in Count 1 is moot and that they dismissed Count 3.

*Paving Co. v. Peoples Bank & Trust*, 196 Ga. App. 42, 43 (395 SE2d 287).

Judgment vacated. Beasley, P. J., and Cooper, J., concur.

DECIDED APRIL 29, 1993 —
RECONSIDERATION DENIED MAY 13, 1993 ▮▮▮▮▮▮▮▮

*Allgood & Daniel, N. Kenneth Daniel, Jay M. Sawilowsky*, for appellants.

*J. David Roper*, for appellees.