A94A0098. MERRILLS et al. v. HORACE MANN INSURANCE
COMPANY.
(447 SE2d 112)

Judge Harold R. Banke.

On January 5, 1992, Beverly Merrills and her family were involved in a single-vehicle accident in Oklahoma, which resulted in the death of one of her children and injuries sustained by her husband and other children. At the time of the accident, the appellee, Horace Mann Insurance Company, insured the vehicle driven by Beverly Merrills and another vehicle the Merrills owned, on separate policies issued in Georgia.

After the Merrills asserted claims under the liability and uninsured motorist coverage provisions of both policies, the appellee insurer commenced this declaratory judgment action seeking a determination of its maximum liability. This appeal follows from the trial court's grant of summary judgment for the appellee, finding that it was liable only under the policy covering the vehicle involved in the accident, with a limit of $30,000, and that no coverage for the accident was available under the other policy or the uninsured motorist provisions of either policy.

Following the commencement of this declaratory judgment action, the appellants (except Beverly Merrills) filed an action in Oklahoma against Beverly Merrills and the appellee, seeking recovery for personal injuries and benefits due under the insurance policies is-

sued to the Merrills. The Oklahoma trial court denied a motion to dismiss filed by the appellee, and that action remains pending there.

The appellants contend that declaratory relief became inappropriate in this case upon the commencement of the action in Oklahoma against Beverly Merrills and the appellee insurer, in which the same issues were raised as in this declaratory judgment action regarding the coverage provided under the insurance policies issued by the appellee. We agree.

The usual context in which an insurer seeks declaratory judgment involves litigation between an insured and a third party, where the insured expects a defense and coverage to be provided by the insurer who is not a party to that action. See *Famble v. State Farm Ins. Co.*, 204 Ga. App. 332 (3) (419 SE2d 143) (1992). However, in the instant case, the insurer was a party to the pending litigation in Oklahoma, and the coverage afforded by the policies issued to the Merrills was placed directly in issue.

"A declaratory judgment will not be rendered to give an advisory opinion in regard to questions arising in a proceeding pending in a court of competent jurisdiction, in which the same questions may be raised and determined." (Citations and punctuation omitted.) *Tennessee Farmers Mut. Ins. Co. v. Wheeler*, 170 Ga. App. 380, 381 (2) (317 SE2d 269) (1984). "Where the questions to be answered are legal ones determinable in another proceeding then in progress between the same parties, in a court having jurisdiction to determine them, the court will ordinarily refuse to entertain a declaratory judgment proceeding. [Cit.]" *Darnell v. Tate*, 206 Ga. 576, 581 (1) (58 SE2d 160) (1950). Further, a declaratory judgment action is not available for a party merely to test the viability of its defenses in such a pending action. *Chattahoochee Bancorp v. Roberts*, 203 Ga. App. 405 (416 SE2d 875) (1992).

The appellee argues that the above rule applies only where the pending action precedes the declaratory judgment action. However, there is no logical basis for applying a different rule where the declaratory judgment action precedes the action against the insurer over the insurance coverage. "The object of the declaratory judgment is to permit determination of a controversy before obligations are repudiated or rights are violated." (Citations and punctuation omitted.) *Chattahoochee Bancorp v. Roberts*, supra at 406. Regardless of when a pending action is commenced against the insurer itself, it forces the insurer to take a position and conduct itself accordingly. At that point, allowing a declaratory judgment action would defeat the purpose of such a procedure.

In the instant case, it was uncontroverted that the appellants' Oklahoma action filed against the appellee involved the same issues of coverage as raised by the appellee in this declaratory judgment action.

Upon filing of that Oklahoma action, the appellee's present action converted into one seeking "an advisory opinion as to which party would prevail on the merits in such litigation. . . ." *Royal Lepage Real Estate Svcs. of Atlanta v. Spalding Partners, Ltd.*, 192 Ga. App. 284, 285 (1) (384 SE2d 424) (1989). The declaratory judgment procedure is inappropriate in such a situation, and the trial court's grant of summary judgment for the appellee thus must be vacated as nugatory. Cf. *Revelle v. Home Sites, Ltd.*, 208 Ga. App. 645 (431 SE2d 405) (1993).

*Judgment vacated. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994 —
RECONSIDERATION DENIED JULY 27, 1994 — 

*Womack & Rhyne, John W. Rhyne, Jr.,* for appellants.
*Chambers, Mabry, McClelland & Brooks, Douglas F. Aholt, Beth L. Singletary,* for appellee.