A97A1562. GLOVER et al. v. ALLSTATE INSURANCE COMPANY.
(493 SE2d 612)

RUFFIN, Judge.

Sandra Glover was an innocent bystander who was shot during an altercation between Dandy Lee and four other individuals. Lee was criminally prosecuted and convicted of four counts of aggravated assault and a violation of the Georgia Firearms & Weapons Act. Following Lee's conviction, Glover and her husband, George Glover, sued Lee, his parents, and the other individuals involved in the altercation for damages resulting from the shooting ("underlying action"). At the time of the shooting incident, Lee's parents, Yongkil and Soontok Lee, were insured under a homeowner's insurance policy issued by Allstate Insurance Company ("Allstate"). Allstate filed the instant declaratory judgment action against the Lees, the Glovers, and other insureds to determine, inter alia, whether it was obligated to provide coverage to the Lees in the underlying action. The Glovers moved to dismiss the declaratory judgment action on the ground that Yongkil Lee was a necessary and indispensable party who was never served with Allstate's complaint. The trial court denied the Glovers' motion and granted Allstate's motion for summary judgment concerning its coverage obligations to Soontok and Dandy Lee. The Glovers appealed, and for reasons which follow, we affirm the court's judgment in both instances.

1. The joinder of necessary and indispensable parties is addressed by OCGA § 9-11-19. Subsection (a), which concerns "[p]ersons to be joined if feasible[,]" provides that "[a] person who is subject to service of process shall be joined as a party in the action if: (1) In his absence complete relief cannot be afforded among those who are already parties; or (2) He claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may [prejudice his own interests or the inter-

ests of the persons who are already parties as stated in the statute]." Although OCGA § 9-11-19 (a) requires joinder of such persons if feasible, it does not require dismissal if an individual described in the subsection cannot be joined. See also *Altama Delta Corp. v. Howell*, 225 Ga. App. 78, 80 (3) (483 SE2d 127) (1997). Rather, OCGA § 9-11-19 (b) addresses situations in which a party described in subsection (a) cannot be joined and the court must decide whether to proceed or dismiss the case.

OCGA § 9-11-19 (b) provides that if a person described in subsection (a) "cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it or should be dismissed, the absent person being thus regarded as indispensable." The statute then lists five factors a trial court should consider in determining whether the action should proceed or be dismissed because the absent person is an indispensable party. OCGA § 9-11-19 (b) (1) through (5). The decision of whether to join such parties is within the trial court's discretion. See *Zappa v. Automotive Precision Machinery*, 205 Ga. App. 584, 585 (5) (423 SE2d 286) (1992).

In this case, Allstate alleged in its complaint for declaratory relief that Yongkil Lee was an insured under a homeowner's insurance policy issued by Allstate. Allstate also alleged that it was placed on notice that Yongkil Lee was seeking coverage and a legal defense in the underlying action. According to the complaint, Allstate filed for declaratory relief "in order to resolve an actual controversy between Allstate and the defendants [including Yongkil Lee] involving the rights and obligations of the parties under the policies of insurance issued by Allstate to Yongkil Lee [and the other defendants]."

Although we have found no Georgia authority addressing whether an insured in Lee's position is, under OCGA § 9-11-19 (a), a necessary party to a declaratory judgment action filed by the insurer, in *Florida Intl. Indem. Co. v. City of Metter*, 952 F2d 1297, 1302, n. 22 (11th Cir. 1992), the Eleventh Circuit cited with approval an Illinois appellate case in which the court recognized the necessity of allowing an insurance claimant to participate in such actions. See id., citing *Reagor v. Travelers Ins. Co.*, 415 NE2d 512 (Ill. App. 1980). We find that in light of Allstate's complaint, it is clear that the current parties could not be afforded complete relief without Yongkil Lee's joinder. Not only are Lee's own interests in coverage likely to be prejudiced, but also at stake are Allstate's coverage obligations. Considering Yongkil Lee's express rights of coverage under the Allstate policy at issue, we believe he and Allstate have such interests that, if possible, need to be resolved. See *Florida Intl.*, supra.

Intermitting the issue of whether Lee could have been served,

we first address the issues of whether he was an indispensable party under OCGA § 9-11-19 (b), and whether the trial court erred in granting Allstate summary judgment concerning its duty to provide coverage to Soontok and Dandy Lee.

In light of the factors presented in OCGA § 9-11-19 (b), we have found that " '[t]here are two essential tests of an indispensable party: (1) can relief be afforded the plaintiff without the presence of the other party? (2) can the case be decided on its merits without prejudicing the rights of the other party?' " *Southern Farm &c. Ins. Co. v. Douglas*, 193 Ga. App. 476, 477 (388 SE2d 67) (1989). Under the first test we find that although a judgment will not completely adjudicate Allstate's claims, relief can be afforded to the current parties. Furthermore, the alternative of dismissal for nonjoinder will leave Allstate with uncertainty regarding its obligations to the remaining insureds who are currently parties in the action, and those insureds will likewise be left with uncertainty concerning their rights to coverage. See OCGA § 9-11-19 (b) (4) (addressing factor of "[w]hether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder").

Under the second test, it is clear that the trial court's ruling that Allstate is not obligated under the policy to provide coverage to Soontok and Dandy Lee, prejudices Yongkil Lee because the *same* policy provisions govern Allstate's coverage obligations to Yongkil Lee. By the same reasoning, however, because Yongkil Lee's two other family members are currently parties representing interests *identical* to Lee's, their presence substantially mitigates the prejudice caused by his absence. See 4 Moore's Fed. Practice, Par. 19.05 [2][b] (3rd ed.), citing *Travelers Indem. Co. v. Dingwell*, 884 F2d 629, 636 (1st Cir. 1989).

Finally, we note that Yongkil Lee could have avoided any prejudice from his nonjoinder if he had simply informed Allstate of his whereabouts and allowed service to be perfected. See OCGA § 9-11-19 (b) (5) (addressing factor of "[w]hether and by whom prejudice might have been avoided or may, in the future, be avoided"). Lee could similarly avoid any future prejudice by taking the same action now. See id.

Accordingly, under the foregoing tests, we conclude that the trial court did not abuse its discretion in denying the Glovers' motion to dismiss because Yongkil Lee is not an indispensable party.

2. We also conclude that the trial court did not err in granting Allstate summary judgment concerning its duty to provide coverage to Soontok and Dandy Lee.

For Allstate to prevail at summary judgment on the coverage issue, it must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable

to the Glovers, warrant judgment as a matter of law. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), citing OCGA § 9-11-56 (c). The question of "[w]hether an insurer is obligated to defend an action against its insured 'is determined by the contract; and since the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint are looked to to determine whether a liability covered by the policy is asserted. Thus, the issue is not whether the insured is actually liable to the plaintiffs; the issue is whether a claim has been asserted which falls within the policy coverage and which the insurer has a duty to defend.' [Cits.]" (Emphasis omitted.) *Penn-America Ins. Co. v. Disabled American Veterans*, 224 Ga. App. 557, 558 (481 SE2d 850) (1997).

In the underlying action, the Glovers alleged that prior to the shooting incident in which Sandra Glover was injured, four individuals assaulted Dandy Lee in an attempt to steal his pickup truck. Their attempt was unsuccessful, and the individuals fled in a car. Lee followed in pursuit, and during the chase he shot a semi-automatic handgun at the car containing the four assailants. The Glovers further alleged that when the fleeing vehicle suddenly stopped, Lee pulled his truck alongside and continued to fire his handgun into the vehicle as its occupants "were then attempting to exit said vehicle." Simultaneously, Glover was exiting her place of employment and one of the bullets fired by Lee struck her in the abdomen. Lee and the four other individuals fled the scene, but were later taken into police custody.

Based on these allegations, the Glovers asserted the following causes of action against the Lees. First, the Glovers claimed that Dandy Lee "unlawfully, intentionally, and without provocation or justification, committed an assault and battery" on Glover. Second, the Glovers asserted that Lee's negligence was the cause of their injuries. Third, the Glovers contended that Yongkil and Soontok Lee are liable for their injuries under the family purpose doctrine. Finally, George Glover alleged that as a result of Dandy Lee's actions, he suffered a loss of consortium.

The family liability provisions of the Lees' homeowner's insurance policy required Allstate to "pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an accident and covered by this part of the policy." (Boldface omitted.) The policy excluded coverage, however, for bodily injury or property damage resulting from "any willful act or omission committed by an insured . . . which is a crime pursuant to the Georgia Criminal Code. However, this exclusion shall not apply if such act or omission was for the preservation of life or property."

It is clear on the record before us that Dandy Lee's wilful action

in firing the handgun (1) constituted a crime under Georgia law, (2) was not for the preservation of life or property, and (3) resulted in the Glovers' injuries. OCGA § 16-11-103 provides that "[a] person is guilty of a misdemeanor when, without legal justification, he discharges a gun or pistol on or within 50 yards of a public highway or street." It is undisputed that Dandy Lee wilfully fired a handgun under these proscribed circumstances. And, although the Glovers assert in their brief, without citation to the record, that a fact question remains concerning whether Dandy Lee fired the handgun in the preservation of life or property, Dandy Lee stated in an affidavit that he fired the handgun "in an effort to apprehend [his] assailants." In fact, the Glovers alleged in their complaint that Dandy Lee fired the shots into the other vehicle as his assailants "were attempting to exit said vehicle." Accordingly, it is clear that Lee's use of force was not necessary because his life or property was in imminent danger, but rather was directed exclusively at apprehending his assailants. Under these circumstances, Lee's alleged firing of the handgun could not constitute a justifiable use of force as a matter of law. See *Bell v. Smith*, 227 Ga. App. 17, 19 (488 SE2d 91) (1997). Because the Glovers asserted that their injuries resulted from Lee's discharge of the handgun, and the shooting was unlawful, the trial court did not err in granting summary judgment to Allstate based on the exclusion. See id.; *Horace Mann Ins. Co. v. Drury*, 213 Ga. App. 321 (1) (445 SE2d 272) (1994).

3. Returning to the issue of whether it was feasible to serve Yongkil Lee under OCGA § 9-11-19 (a), a search of the record reveals only one entry of service for Yongkil Lee, showing that service was not perfected at Soontok Lee's residence and stating that, according to Soontok Lee, he no longer lived at that address. Without deciding whether such evidence established that service was unfeasible, under the circumstances of this case we can discern no reason to require further attempts to serve Yongkil Lee. From our discussion above, it is apparent that the rights and obligations of both Allstate and Lee have, for all practical purposes, been determined. Consequently, although Lee could still allow himself to be served and assert his rights individually, inasmuch as we have decided that his interests were addressed by the court and that he is not an indispensable party, we conclude that the action may continue in his absence.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 6, 1997.

*Edward J. Bauer*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Leslie B. Zacks, Frederick M. Valz III*, for appellee.