A99A0245. J. M. HUBER CORPORATION v. GEORGIA MARBLE COMPANY.
(520 SE2d 296)

RUFFIN, Judge.

This is a dispute over who has the marble and mineral rights to certain property in Pickens County. The trial court granted the motion to dismiss of defendant Georgia Marble Company (Georgia Marble) and denied the motion for summary judgment of plaintiff J. M. Huber Corporation (Huber). Huber appeals both rulings. Georgia Marble has filed a motion to dismiss the appeal as moot. For reasons which follow, we affirm in part and reverse in part the ruling of the trial court, and we deny Georgia Marble's motion to dismiss the appeal.

The relevant undisputed facts are as follows. Benjamin M. Cowart died in 1911 and bequeathed to his four children all of his real property in fee simple, including Land Lot 124 and part of Land Lot 125 in Pickens County, which are the subject of this litigation. With

respect to the "marble and mineral interests" on those two lots, however, Cowart's will contained the following restriction:

> that said marble and mineral interests in said [property] be held in common and be not sold by my said childre[n] nor by my executors during the life of my said children or either of them, but my executors shall have the right, power and authority to rent or lease said marble and mineral interests for a term of years for such reasonable rental or royalty as to my said executors may seem to the best interest of my said legatees and thier [sic] children born to them in lawful wedlock.

In 1922, Cowart's children executed warranty deeds conveying the property in question to Georgia Marble Finishing Works, predecessor to Georgia Marble. The warranty deeds state that the Cowart children grant "all of [our] right, title and interest" to the property to Georgia Marble in fee simple, but the deeds also provide that the conveyance is "made subject to the rights of the Executors of Benj. M. Cowart to lease or rent the marble and mineral interest [in the property in question], as provided in the said will of Benjamin M. Cowart." Also in 1922, the executors of Cowart's estate (two of his children) leased the marble and mineral interests in the property to Georgia Marble for a period of 25 years, with an option to renew the lease for an additional 25 years.

On January 2, 1997, all of the heirs of Cowart's children (the Cowart heirs) entered into an agreement leasing the marble and mineral interests in the property to Huber for a period of 99 years. This lease granted Huber

> all of the Lessor's right, title and interest in and to all marble, limestone and other calcite minerals ("Marble") in, upon or under the [property in issue], together with all other rights, powers and privileges of the Lessor to the mining and removal of the Marble from the Land. . . .

The lease also provided that Huber had the right to use the property "for the mining operations described . . . and for uses incidental thereto."

Huber began mining the property, accessing it underground by coming in sideways from an adjoining parcel owned by a Huber affiliate. Huber then determined that it needed access to the surface of the property to conduct core drilling operations. Huber contacted Georgia Marble to make arrangements, but Georgia Marble refused to grant surface access to Huber and claimed that it — and not Huber — owned the marble and mineral rights on the property. Geor-

gia Marble takes the position that it owns all of the property pursuant to the 1922 warranty deeds from Cowart's children, and that the Cowart heirs have no marble or mineral interests in the land that could be leased to Huber. Huber contends that the 1922 deeds did not convey the marble and mineral rights and that those rights passed to the Cowart heirs, who validly leased them to Huber.

Huber sued Georgia Marble seeking a declaratory judgment that Huber had the right to

> enter upon the Property, prospect the Property, and extract and remove the Minerals from the Property, including the rights of ingress, egress and possession of the surface, conducting testing, drilling and mining operations, the creation, grading, maintenance and use of access roads and clearing of trees, all as necessary to the use and enjoyment of the estate conveyed.

Huber sought summary judgment on the ground that the undisputed facts required judgment in its favor. Georgia Marble filed a motion to dismiss, arguing that Huber was not entitled to a declaratory judgment because it had already begun mining the property. Georgia Marble also filed a motion to join the Cowart heirs as necessary and indispensable parties. The trial court entered an order granting Georgia Marble's motion to dismiss and finding that the Cowart heirs were indispensable parties. The trial court summarily denied Huber's motion for summary judgment, without reaching the merits of Huber's claim. On appeal, Huber challenges all three of these rulings.

1. We first address whether this was an appropriate case for declaratory judgment. Georgia law authorizes declaratory judgments "to settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations." OCGA § 9-4-1. To obtain a declaratory judgment,

> [t]he plaintiff must show facts or circumstances whereby it is in a position of uncertainty or insecurity because of a dispute and of having to take some future action which is properly incident to its alleged right, and which future action without direction from the court might reasonably jeopardize its interest.

(Punctuation omitted.) *Adams v. Atlanta Cas. Co.*, 225 Ga. App. 482, 485 (1) (484 SE2d 302) (1997). Disputes concerning ownership of or right of access to land are classic candidates for resolution via declaratory judgment. See *Bond v. Ray*, 83 Ga. App. 817, 819 (1) (65 SE2d 30) (1951) (title dispute "present[ed] the most nearly perfect basis for

the application of declaratory-judgment jurisdiction that has come to our attention"); *Larkin v. Laster*, 254 Ga. 716 (334 SE2d 158) (1985) (dispute as to whether defendant's mineral interests had been terminated by adverse possession was resolved by declaratory judgment). Thus, declaratory judgment would appear to be an ideal vehicle for resolving the instant dispute.

Georgia Marble contends, however, that Huber is not entitled to a declaratory judgment because it has already begun mining the property and therefore cannot claim uncertainty as to its future actions. The law is well established that a party may not seek a declaratory judgment merely to confirm the propriety of actions it already has taken. *Empire Fire &c. Ins. Co. v. Metro Courier Corp.*, 234 Ga. App. 670, 671 (1) (507 SE2d 525) (1998); *Cotton v. Bank South, N.A.*, 212 Ga. App. 1, 3-4 (3) (a) (440 SE2d 704) (1994). Rather, declaratory judgment is available only where "a legal judgment is sought that would control or direct *future action*." (Punctuation omitted; emphasis supplied.) *Atlanta Cas. Co. v. Fountain*, 262 Ga. 16, 17 (413 SE2d 450) (1992). Contrary to Georgia Marble's assertions, Huber's requested relief is a declaration of future rights, not a ratification of past conduct. Huber seeks a declaratory judgment that it has the right to enter the property and engage in various activities related to its mining operations. Although Huber has begun subsurface mining operations, it is undisputed that Huber has not conducted any activity on the surface of the property and that Georgia Marble has ordered Huber not to enter the property. Thus, a declaratory judgment would have the effect of "guid[ing] and protect[ing] [Huber] with regard to some future act." (Punctuation omitted.) *Adams*, supra. That a declaratory judgment would have the incidental effect of approving the mining activity in which Huber already has engaged does not change this analysis. Accordingly, the trial court erred in dismissing the action on this basis.

2. Georgia Marble has filed a motion to dismiss Huber's appeal as moot. Approximately two months after Huber filed this appeal, Georgia Marble filed a complaint against Huber in the Superior Court of Pickens County seeking damages and injunctive relief for Huber's alleged trespass on Georgia Marble's land and conversion of minerals belonging to Georgia Marble. Georgia Marble contends that this second lawsuit will resolve the issues raised in Huber's declaratory judgment action. Accordingly, Georgia Marble maintains that this appeal should be dismissed. We disagree.

A case is moot "when its resolution would amount to the determination of an abstract question not arising upon existing facts or rights." *Collins v. Lombard Corp.*, 270 Ga. 120, 121 (1) (508 SE2d 653) (1998). "If an appellant or cross-appellant will benefit by reversal of a case, his appeal is not moot." (Punctuation omitted.) *McWhor-*

*ter v. Green*, 221 Ga. App. 590, 591 (472 SE2d 135) (1996). The issue presented here — who has the marble and mineral rights to the property in question — clearly is not abstract, as Huber actively seeks to mine the property and Georgia Marble actively seeks to prevent Huber from doing so. Moreover, Huber would benefit by reversal of the case, as the trial court would then determine the rights of the parties with respect to the property.

Georgia Marble's filing of a separate lawsuit against Huber presenting the same issue does not change our analysis. The only information before this Court about Georgia Marble's lawsuit is a copy of the complaint. We cannot assume that any final order has been issued in that litigation which would moot Huber's declaratory judgment action. See *Contestabile v. Business Dev. Corp. of Ga.*, 259 Ga. 783, 784 (2) (387 SE2d 137) (1990) (refusing to find mootness in the absence of adequate record). Moreover, we note that two lawsuits presenting the same issue may be pending simultaneously, and the first to reach judgment may create a res judicata effect. *Atlanta J's, Inc. v. Houston Foods*, 237 Ga. App. 415 (514 SE2d 216) (1999). Finally, a dismissal of this appeal would effectively permit Georgia Marble to stall the litigation of the ownership of the marble and mineral rights by waiting a year and then filing a lawsuit of its own. The claims in Georgia Marble's complaint could have been brought as counterclaims in the declaratory judgment action.[1]

Georgia Marble contends that our decision in *Merrills v. Horace Mann Ins. Co.*, 214 Ga. App. 142 (447 SE2d 112) (1994), requires the dismissal of this case. In *Merrills*, an insurance company filed a declaratory judgment action in Georgia seeking a determination of its maximum liability after the insured and her family suffered a single vehicle accident. Following the commencement of the insurer's action, the insured's family sued her and the insurance company in another state, seeking recovery for personal injuries. We held that the declaratory judgment action should be dismissed because the coverage issues would be resolved in the pending personal injury action. Id. at 143. Our decision was grounded in a concern that a ruling in the declaratory judgment action would merely be an advisory opinion and an opportunity for the insurance company to "test the viability of its defenses" in the pending liability action. Id.

*Merrills* does not control this case. Contrary to Georgia Marble's suggestion, *Merrills* does not stand for the sweeping proposition that a declaratory judgment action always becomes moot after the filing of

---

[1] In fact, those claims may have been compulsory counterclaims. See *Myers v. United Svcs. Auto. Assn.*, 130 Ga. App. 357, 360-361 (203 SE2d 304) (1973) (insured's claims against insurer for attorney fees and bad faith were compulsory counterclaims to insurer's action for declaratory judgment as to its liability under terms of policy).

a suit for damages related to the same dispute. In fact, in appropriate circumstances, we have approved the granting of an injunction to restrain the prosecution of a subsequently filed suit for damages. See *Jahncke Svc. v. Dept. of Transp.*, 137 Ga. App. 179 (223 SE2d 228) (1976). Moreover, the rationale for our ruling in *Merrills* — the avoidance of advisory opinions — is not present in this case, which involves an actual dispute over Huber's right to enter the property in question. Dismissing Huber's action would contravene the purpose of the declaratory judgment statute, which is "to give additional protection to persons who may become involved in an actual justiciable controversy, in that they differ between themselves as to what their rights are." *Shippen v. Folsom*, 200 Ga. 58, 68 (1) (35 SE2d 915) (1945). Under the circumstances, we are unable to conclude that Huber's appeal is moot.

3. Georgia Marble filed a motion in the trial court seeking joinder of the Cowart heirs as necessary parties to the declaratory judgment action. In its order dismissing the case, the trial court found that the Cowart heirs needed to be joined before complete relief could be granted. We find that the Cowart heirs are necessary parties who should be joined if feasible.

Pursuant to OCGA § 9-11-19 (a) (2),

> [a] person who is subject to service of process shall be joined as a party in the action if . . . [h]e claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . (A) [a]s a practical matter impair or impede his ability to protect that interest; or (B) [l]eave any of the persons who are already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reasons of his claimed interest.

Here, both the Cowart heirs and Georgia Marble assert ownership of the marble and mineral rights on the property. The Cowart heirs clearly have "an interest relating to the subject of the action." Resolution of Huber's asserted right to enter upon and mine the property requires a determination of whether the Cowart heirs or Georgia Marble owns the marble and mineral rights. A ruling in favor of Georgia Marble could impair the Cowart heirs' practical ability to realize the value of their asserted marble and mineral rights by leasing those rights. Moreover, a judgment in favor of Georgia Marble in this case, prohibiting Huber from entering or mining the property, could be followed by a judgment against Georgia Marble in a subsequent suit by the Cowart heirs to determine ownership of the land. Such a result would create inconsistent obligations on the part of

Georgia Marble. For these reasons, we conclude that the Cowart heirs are necessary parties to this litigation. See *Virginia Highland Assoc. v. Allen*, 174 Ga. App. 706, 707-708 (2) (330 SE2d 892) (1985) (subtenant was necessary party in dispossessory action alleging default by original tenants); *Coe v. Greenville Credit &c. Co.*, 164 Ga. App. 521, 522 (2) (298 SE2d 36) (1982) (assignee of security deed was necessary and indispensable party in action to cancel security interests as usurious); *First Nat. Bank of DeKalb County v. Centennial Equities Corp.*, 245 Ga. 121, 123-124 (263 SE2d 155) (1980). On remand, these parties should be joined if feasible.[2]

4. In light of our decision in Division 3 that the Cowart heirs should be joined as necessary parties to this action, a ruling on Georgia Marble's motion for summary judgment would be premature. Therefore, we decline to address the merits of Huber's final enumeration of error. We do, however, instruct the trial court that on remand, Huber should be given the opportunity to renew its motion after the joinder of the Cowart heirs. See generally *Howard v. McFarland*, 233 Ga. App. 286 (503 SE2d 900) (1998).

*Judgment affirmed in part, reversed in part, and remanded with instructions. McMurray, P. J., and Andrews, P. J., concur.*

DECIDED JULY 7, 1999 —
RECONSIDERATION DENIED JULY 22, 1999.

*Kilpatrick Stockton, Thomas C. Harney, Mark A. Shaffer, David E. Ralston*, for appellant.

*Phears & Moldovan, H. Wayne Phears, Victor L. Moldovan, Richard E. Harris, Landrum & Landrum, Phillip M. Landrum, Jr.*, for appellee.

---

[2] In its order, the trial court, without analysis, declared that the Cowart heirs were "indispensable," a term used in OCGA § 9-11-19 (b). The question of whether a party is indispensable, however, should be addressed only after it has been determined that the party is necessary *and* cannot be joined. See OCGA § 9-11-19 (b); *Glover v. Allstate Ins. Co.*, 229 Ga. App. 235, 236 (1) (493 SE2d 612) (1997). Huber represents that the Cowart heirs could be joined if necessary. For the purpose of this appeal, we address only the question of whether the Cowart heirs are necessary parties. If on remand it appears that the Cowart heirs cannot be joined, then the trial court will need to consider whether they are indispensable, applying the factors listed in OCGA § 9-11-19 (b).