S04A1386. SMITH v. JONES et al.
(604 SE2d 187)

HUNSTEIN, Justice.

The Taylor County Board of Education conveyed a school building to the Mauk-Charing-Norwich Community Club in 1956 while retaining a reversionary interest in the property. In 1970 the Club obtained ownership of all rights in the school building when the Board quit claimed to it the entire property, including the reversionary interest. However, in 2002 the Board conveyed its purported reversionary interest in the school building to Michelle Smith. The Club, through its officers, brought a declaratory judgment action and sought injunctive relief. Smith answered and counterclaimed for defamation and RICO violations predicated upon alleged acts of burglary, conspiracy and arson. The trial court granted summary judgment in favor of the Club and Smith appeals.

1. Smith does not challenge the trial court's determination that the Club is the owner of the school property. Rather, in her sole enumeration of error regarding that property, Smith contends that a quiet title action, not a declaratory judgment action, was the proper

---

[15] See *Roseboro v. State*, 258 Ga. 39, 41 (365 SE2d 115) (1988).

procedural vehicle to resolve the parties' dispute and that the Club's action should be dismissed for failure to utilize the quiet title procedure, citing *Porter v. Houghton*, 273 Ga. 407 (542 SE2d 491) (2001). However, that case merely stands for the proposition that declaratory judgment is not available to a party seeking to resolve potentially adverse claims to land when that party cannot show that he needs direction in order to handle an existing controversy.[1] As the trial court correctly noted, "[d]isputes concerning ownership of or right of access to land are classic candidates for resolution via declaratory judgment. [Cits.]" *J. M. Huber Corp. v. Ga. Marble Co.*, 239 Ga. App. 271, 273 (1) (520 SE2d 296) (1999). Contrary to Smith's argument, the Club's possession of the property did not eliminate its need for direction to resolve the on-going conflict between the parties over Smith's re-entry rights to the property based on the 2002 conveyance and thus declaratory judgment was an available remedy for the Club. See id.

2. In support of her claim that the Club was involved in the fire that destroyed other property she owns, Smith adduced only one conclusory affidavit,[2] which the trial court properly determined failed to create any genuine issue of material fact regarding a nexus between the crimes and the Club. Accordingly, summary judgment to the Club on this claim was proper.[3] See generally *Southeast Reducing Co. v. Wasserman*, 229 Ga. App. 1 (2) (493 SE2d 201) (1997) (affidavit that is conclusory and unsupported by substantiating fact or circumstances is insufficient to raise a genuine issue of material fact).

3. We find no error in the trial court's grant of summary judgment to the Club on Smith's defamation claim, given that Smith adduced no evidence setting forth the alleged defamatory language. See *Palombi v. Frito-Lay, Inc.*, 241 Ga. App. 154 (1) (526 SE2d 375) (1999) (summary judgment appropriate where plaintiff failed to produce evidence creating a jury issue as to whether defendant made any defamatory statements).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 12, 2004 —
RECONSIDERATION DENIED NOVEMBER 22, 2004.

*Bonnie M. Smith*, for appellant.

---

[1] This Court noted that in such circumstances an action to quiet title against all the world, OCGA § 23-3-60, would be an available remedy.

[2] The affidavit consisted of the bare averral by Smith's investigator that he "believed" two named individuals were responsible for the fire at her property.

[3] Smith asserts no errors regarding the grant of summary judgment to the Club on her RICO claim and the other predicate acts she alleged in support of that claim.

*Lovick P. Anthony, Jr., Edward N. Davis, Charles W. Byrd,* for appellees.