# Court of Appeals
# of the State of Georgia

ATLANTA,  May 01, 2017

*The Court of Appeals hereby passes the following order:*

## A17E0049. BRYCE v. HATFIELD.

Michele Bryce pro se filed a motion pursuant to Court of Appeals Rule 40 (b). In her motion, Bryce requests that this Court require the Superior Court of Lee County to transmit to this Court for docketing her appeal in her action against Henry Hatfield. It appears that, in essence, Bryce is seeking pretrial appellate review of the trial court's order denying her motion to join a necessary party before proceeding to a trial on the merits. Such an interlocutory order is reviewable before final judgment only if the appellant applies for and is granted an interlocutory appeal as provided in OCGA § 5-6-34 (b). See *Chaney v. Harrison & Lynam, LLC*, 308 Ga. App. 808 (708 SE2d 672) (2011); *S. Farm Bureau Life Ins. Co. v. Douglas*, 193 Ga. App. 476 (388 SE2d 67) (1989).

Although Bryce filed a pleading styled as "a petition for a writ of mandamus," the denial of which would be directly appealable under OCGA § 5-6-34 (a) (7), we are not bound by that designation. See *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 589-590 (690 SE2d 397) (2010) (The standards applicable to a motion depends upon the issues raised, as "substance, rather than nomenclature, governs pleadings.") (citations and punctuation omitted); *Cain v. State*, 275 Ga. 784, 786 (573 SE2d 46) (2002) (Under Georgia law, the courts are not bound by the designation given to a motion by a party but "look to substance over nomenclature.") (citations and punctuation omitted). Rather, looking to the substance Bryce's pleadings, she has not shown that any immediate action is necessary to preserve jurisdiction of her anticipated appeal from the trial court's denial of her joinder motion or to prevent the contested issue from

becoming moot. See Rule 40 (b) ("In the exercise of its inherent power, this Court may issue such orders or give such direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot. This power shall be exercised sparingly. Generally, no order shall be made or direction given in an appeal until it has been docketed in this Court."). Accordingly, her Rule 40 (b) motion is hereby DENIED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  05/01/2017*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*